464 So.2d 346 (1985)
Robert G. STUCKEY, Plaintiff-Appellee,
v.
Richard COLLINS, Defendant-Appellant.
No. 16637-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
*347 William H. Baker, Jonesboro, for defendant-appellant.
James M. Fowler, Jonesboro, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
Defendant, Richard Collins, appeals from a judgment granting plaintiff, Robert G. Stuckey, an unimpeded right of passage 30 feet in width across a narrow strip of defendant's property for access to a public road. On appeal, defendant urges that since plaintiff acquired his enclosed property by purchase from a vendor whose property had access to a public road, plaintiff is entitled to a LSA-C.C. Art. 694[1] gratuitous servitude across his vendor's property and, consequently, is not entitled to a LSA-C.C. Art. 689[2] servitude across defendant's property. Plaintiff argues principally that access across the vendor's property is impractical because the property which must be crossed to get to the public road is low and swampy and the construction of a road would be prohibitively expensive; on the other hand, a road already exists from plaintiff's property to and across defendant's land and is the shortest route to the road with the least inconvenience to adjoining properties.

Statement of the Facts
On November 16, 1981, Harvey Willis purchased a tract of land containing approximately 41.5 acres, and divided the tract into lots as shown on a recorded subdivision plat, a copy of which is attached to this opinion as an appendix. He then proceeded to sell several of the lots. One of these lots, Lot 3, was sold to plaintiff Robert Stuckey on December 10, 1981. Since the lot had no access to a public road, the deed conveying the lot granted a servitude of passage over Lot 1 which was still owned by Willis. Although the deed purportedly granted a passage all the way to Highway 148, the nearest public road, the narrow strip of land immediately adjacent to the highway was not owned by Willis, but by defendant Richard Collins.
Before Stuckey purchased Lot 3, Willis cleared a passage all the way to the highway. Collins did not protest this action apparently because Collins and Willis had discussed exchanging land owned by Collins, including the small strip adjoining the highway, for other land owned by Willis. This exchange never took place.
Stuckey used the passage both before and after purchasing Lot 3 in order to enter and exit his property. Although he testified that he knew Collins owned land near the highway, Stuckey stated that he did not know that Collins owned the strip across the front of the cleared passage. Stuckey became aware that Collins owned the strip when Collins decided to erect a barrier across the front of the passage in order to protect himself from what Collins perceived as a threat to his ownership of the land.
Collins and Stuckey agreed to make the barrier across Stuckey's passage one which could be opened and closed. Collins then erected two wooden posts on each side of the passage at the point where it joined the highway, and locked a piece of cable between the two posts. A key to the lock was given to Stuckey. The barrier was supposed to be temporary, and was to be removed when the land dispute was settled.
Stuckey eventually grew tired of locking and unlocking the cable, and took the cable *348 down. However, Collins quickly replaced it. On March 11, 1983, Stuckey filed suit, and after trial, a judgment was rendered granting Stuckey an unimpeded passage across Collins's land at the disputed point. A motion for a new trial filed by Collins was denied and Collins appealed.

The Right of Passage
Under these facts plaintiff may be entitled to an Art. 694 gratuitous servitude across the land owned or formerly owned by Willis.[3] However, the evidence shows that passage across that land is impractical if not impossible. The passage would have to cross an area that holds water, is boggy and swampy, and the construction of a road would "cost a fortune".
Langevin v. Howard, 363 So.2d 1209 (La.App. 2d Cir.1978), writ denied 366 So.2d 560 (La.1979), cited and relied on by appellant, holds that where an Art. 694 servitude is available, an enclosed owner is not entitled to an Art. 689 servitude across other land. We hold now, however, that where passage across the vendor's land is impossible or highly impractical, an enclosed owner, even though legally entitled to an Article 694 servitude across his vendor's property, may seek an Art. 689 servitude across a neighbor's land.
The instant case presents an exceptional situation. On the one hand, construction by Stuckey of an alternate passage would "cost a fortune"; on the other hand, the inconvenience to Collins of allowing Stuckey a right of passage is minimal since a road already exists, since only about 1/100 of an acre of Collins's land is affected, and since the affected land is located at an extreme corner of Collins's unfenced property.
Although the importance of not imposing a burden of forced passage on neighboring lands will be controlling in the majority of enclosure cases arguably falling under Article 694, the growing recognition of the importance of fully utilizing land dictates that a balancing of interests approach should be employed to a limited extent on a case-by-case basis. The Louisiana Supreme Court in Rockholt v. Keaty, 237 So.2d 663 (La.1970), when discussing the policies behind Article 699 (now Article 689), stated:
"As land becomes less available, more necessary for public habitation, use, and support, it would run contrary to public policy to encourage landlocking of such a valuable asset and forever removing it from commerce and from public as well as private benefit."
The court also noted:
"It is apparent that the French under their provision for passage from enclosed estates have from the beginning decided each case under its particular circumstances and have refused to reach for absolute legal pronouncements which would effect a restricted application of the law."
A balancing of interests is apparent in French Civil Code Article 684 which, like Article 694 of the Louisiana Civil Code, addresses the situation in which an estate becomes enclosed as the result of the division of a larger tract of land by sale, exchange, or partition. While both articles provide for passage over the lands which composed the original tract, French Civil Code Article 684 provides that when sufficient passage cannot be made over the lands which composed the original tract, Article 682 of the French Civil Code shall apply. Article 682 corresponds with Article *349 689 of the Louisiana Civil Code. Thus, under the French Civil Code, Article 682 rather than Article 684 is applied in the exceptional case in which sufficient passage may not be established over the divided lands. Similarly, under the facts of the present case, Article 689 of the Louisiana Civil Code should apply instead of Article 694; Article 694, even if otherwise applicable, provides an insufficient remedy.
In this case, the shortest and only practical route from plaintiff's property to the public road is across a narrow strip at the end of defendant's property which lies between the right of way granted by plaintiff's vendor and the public road. The road is in existence and was constructed and used for a period of time with the consent of and without interference by defendant. Inconvenience and damage to defendant is minimal. Construction of a road across the property formerly owned by plaintiff's vendor would be impossible or highly impractical and economically unfeasable. Under these circumstances, the trial court correctly granted plaintiff a servitude across the defendant's land under Art. 689.

Impediment to Passage
Under the facts of this case, plaintiff is entitled to the servitude without the impediment of the posts and cable erected by defendant. The cable serves no purpose other than as an impediment. An owner entitled to an Art. 689 servitude for passage to a public road may be subjected to some inconvenience where the servient estate owner has a fence and gate. See Pittman v. Marshall, 104 So.2d 230 (La. App. 2d Cir.1958). But unlike the factual situation in Pittman where the plaintiff's estate was used for agricultural purposes, the Stuckeys' estate is being used as a place of residence. Because the route from the road to the Stuckeys' house is a quarter of a mile long and passes through a wooded area, visitors to the residence apparently have no way to directly alert the Stuckeys of their presence at the highway. Utility company employees who need to read meters or check lines are similarly hindered. Furthermore, Stuckey testified at trial that the ground near the cable had washed down to red clay which became very slick when rain fell. Once one stopped a vehicle in order to get out and open the cable, it was very difficult to get the vehicle moving again. Another factual difference between Pittman and this case is that the gates in Pittman served the necessary purpose of enclosing livestock. But here the posts and cable are not part of a fence and were erected, according to defendant's own testimony, simply to assert and delineate his ownership of the property crossed by the road, and serves no useful purpose. Under these circumstances, the impediment to use of the passage is unreasonable and is not warranted. See LSA-C.C. Art. 690.[4]

Indemnity for Damages
Under LSA-C.C. Art. 689, plaintiff is bound to indemnify defendant for the damage occasioned. Damages were not made an issue at the trial of the case, probably because of the posture of the pleadings at the time the case went to trial. Defendant should not be precluded from claiming damages, and we will amend the judgment to reserve defendant's right to claim indemnification of any damages sustained.

Decree
For the reasons assigned, the judgment is amended to reserve defendant's rights to seek indemnity for damages sustained, and as amended, is affirmed.
*350 
NOTES
[1] LSA-C.C. Art. 694. Enclosed estate; voluntary alienation or partition.

When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.
[2] LSA-C.C. Art. 689. Enclosed estate; right of passage

The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
[3] The requirements of Article 694 are met to the extent that the original tract owned by Willis did border on the public road, and could theoretically have provided access from Stuckey's lot to the highway at the time the lot was purchased. At the present time, however, the applicability of Article 694 is questionable for two reasons. First, the article specifically provides that passage shall be furnished by the owner of the land on which "the passage was previously exercised." In the present case passage from Stuckey's lot has never been exercised over the land of Willis. There is no previously existing road. Thus, strict adherence to the wording of the article arguably indicates the article's inapplicability to the situation at hand. See Fuller v. Wright, 464 So.2d 350 (La.App. 2d Cir.1985), decided this day. Second, Willis no longer owns any of the lots sold from the original tract. Thus, the question arises whether the obligation of Willis to furnish passage to Stuckey was transmitted to Willis's successors.
[4] LSA-C.C. Art. 690. Extent of passage

The right of passage for the benefit of an enclosed estate shall be suitable for the kind of traffic that is reasonably necessary for the use of that estate.