464 So.2d 350 (1985)
Rayville F. FULLER, et al., Plaintiffs-Appellees,
v.
Rayford J. WRIGHT, Sr., et al., Defendants-Appellants.
No. 16729-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Writ Denied March 22, 1985.
*351 Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for defendants-appellants.
Wright & Hennen by Patrick H. Wright, Jr., Monroe, for plaintiffs-appellees.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
The issue in this appeal is whether the trial court was correct in granting an injunction under CC Art. 694 to recognize a servitude of passage which had not been established or fixed either by contract or by court order but which had been exercised over an existing roadway for years before injunction was sought.
Art. 694 reads:
"When in the case of partition, or a voluntary alienation of an estate or a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage."
The roadway traverses a peninsula of about 1,600 feet that is known as Cypress Bluffs and that is formed where Cypress Creek runs into the Ouachita River in sections 3 and 4, T15N, R3E. One witness testified as to the existence and use of a 10-foot dirt road down the peninsula since 1925. Some gravel was later placed on the road. In 1962 the property was owned in indivision and was partitioned into five tracts by predecessors in title to plaintiffs Fuller and Elliot and to defendants Wright and Braho, Inc. This facsimile of a plat reflects the existing ownership, the roadway, and the partition boundary (shown by dotted lines):
*352 
In 1984 defendant Wright installed and locked a gate across the road at his easternmost boundary (Point A on facsimile) and defendant Braho, Inc. fenced the road at its westernmost boundary (Point B on facsimile). Plaintiffs then brought this action to enjoin the interference by defendants with plaintiffs' exercise of their contended legal servitude of passage over the road under CC Art. 694.
A CC Art. 694 servitude of passage must be distinguished from other servitudes of passage. Stuckey v. Collins, 464 So.2d 346 (La.App.2d Cir.1985). Compare Ezernack v. Ezernack, 137 So. 626 (La.App. 2d Cir.1931); Baldwin Lumber Co. v. Todd, 124 La. 543, 50 So. 526 (La. 1909); Morgan v. Culpepper, 324 So.2d 598 (La.App. 2d Cir.1975), writ denied, with Picard v. Shaubhut, 324 So.2d 517 (La. App. 1st Cir.1975), writ not considered. The Art. 694 right of passage is a gratuitous right for which the dominant owner is not bound to indemnify the subservient owner. Art. 694 is explicit in requiring that the owner of land on which the right was previously exercised (before the partition or voluntary alienation) shall furnish the enclosed estate a gratuitous right of passage, even if it is not the shortest route and is not mentioned in the act of alienation or partition. The only requirement for enforcement of the right is that the right of passage must have been previously used or exercised. That requirement has been met in this record by the showing that the roadway existed and had been used by plaintiffs and others for a number of years.
Having shown that a definite roadway existed and had been used before and after the 1962 partition, these plaintiffs are and have been entitled to the exercise of their CC Art. 694 servitude rights. Under these circumstances it is not necessary to fix the location of the servitude before granting an injunction to protect against interference of plaintiffs' use of this roadway. Compare Estopinal v. Storck's Estate, 44 So.2d 704 (Orl.App.1950); Marceaux v. Reese, 365 So.2d 504 (La.App. 3d Cir.1978), where injunction was denied because there was no *353 previous exercise of the right over a fixed route. See also Young v. Manuel, 385 So.2d 544 (La.App. 3d Cir.1980).
The trial court correctly overruled the peremptory exception of no cause of action and applied CC Art. 694.
At appellants' cost, the judgment is AFFIRMED.