hYELVERTON, Judge.
This is an appeal by Larry E. Hardisty from the dismissal of his suit to recognize and fue a servitude of right of passage. We reverse and remand for further proceedings.
Hardisty owns a tract of about five acres south of Shady Hill Road and west of Richardson Lane in Sabine Parish. Hardisty has no access to either of these roads because his estate is enclosed by the estates of others. To the north between his property and Shady Hill Road is an approximate six acre tract belonging to Shirley and |2James Young. East of the Youngs there is a four acre tract belonging to Delores and Samuel Richardson. East of Hardisty is a five acre tract owned by Jessie and Leland Doolan when the suit was filed, but acquired by Charlotte Watkins while the suit was pending. These four parcels make up about 20 acres which was part of a 40 acre tract purchased by H.W. Richardson in 1930, and later sold by him in parcels. The Youngs purchased their property in 1963. Watkins’ title from the common ancestor, H.W. Richardson, goes back to 1967. Hardisty bought from his mother in 1994; his mother acquired the property from H.W. Richardson in 1968.
Shady Hill Road runs east and west across the north boundaries of the Young and Richardson tracts. Richardson Lane forms a T-interseetion with Shady Hill Road at the northeast corner of the Richardson four acres. Richardson Lane meanders south along the eastern boundary of the Richardson four acres and the eastern boundary of the Watkins five acres. We use the term “meanders” because, at some places along the Watkins eastern boundary, parts of Richardson Lane lie on her property.
To repeat the approximate acreage of these four tracts, the plaintiffs tract is five acres, as is that of his neighbor to the east, Watkins. The Young property has an area of six acres while the Richardson tract has an area of four acres. Consequently, the common boundary between Young and Richardson is about 100 feet east of the common boundary between Hardisty and Watkins.[1]
_jjHardisty’s suit, as we construe it, is a demand for the fixing of a gratuitous right of passage to the nearest public road, in accordance with the provisions of La.Civ. Code art. 694. We construe the petition as alternatively demanding a servitude of right of passage to the nearest public road in accordance with La.Civ.Code art. 689 which requires indemnification.
Hardisty sued three defendants, the Youngs, the Richardsons, and the Doolans. Only the Youngs and the Richardsons answered the suit. The Doolans sold their property to Charlotte Watkins while the suit was pending. Ms. Watkins was never substituted as a party defendant. No default judgment was taken against the Doolans. Although Watkins appeared as a witness in the case, she was not treated as a defendant and, of course, no judgment was rendered affecting the Doolan/Watkins interest. At the beginning of the trial, recognizing that in no way could the Richardson four acres be involved in a right of passage, the plaintiff dismissed the suit against the Richardsons. The case went to trial against the Youngs only. At the conclusion of the trial, the trial court, granting a motion for involuntary dismissal under La.Code Civ.P. art. 1672, dismissed the suit on a finding that the “plaintiff has failed to prove by a preponderance of the evidence his entitlement to the relief sought.” The relief sought by Hardisty was the fixing of a right of passage across the estate of the Youngs.
No one disputes that Hardisty’s tract is enclosed and has no access to a public road. At the trial Hardisty offered evidence in an effort to prove:
(1) The only public road in the vicinity was Shady Hill Road;
(2) He was entitled to a gratuitous passage from his property north to Shady Hill Road along an old road where | ¿¡passage *813 was previously exercised in the eastern part of the Young property;
(3) In the alternative, if not entitled to a gratuitous passage, he was entitled to a forced passage for indemnity along the shortest route from his estate to the public road, which in this case he suggested might be the shaded area shown on a survey that he obtained and introduced in evidence across the Watkins property and the Young property.
The Youngs denied that Hardisty was entitled to a passage across their land on any theory. Their principal arguments were that Richardson Lane was a public road running north and south along the eastern edge of the Watkins property and that the shortest route to a public road was from Hardisty’s property across the northern portion of the Watkins property to Richardson Lane.
Richardson Lane
The testimony clearly establishes that Richardson Lane is a public road. Ms. Watkins has lived on it for more than 15 years. She testified that school buses used it, mail was delivered on it, and the public generally used it. Years ago the police jury maintained it. She and others continue to use it to this day. The plaintiff, Hardisty, testified that he put a trailer on his lot two years ago and that to get it there he brought it down Richardson Lane and across the Watkins property. The police jury stopped maintaining Richardson Lane several years ago when there was no longer a need for school bus traffic. Although only one family now fives down the road past the Watkins house, the road is still used by Ms. Watkins and others. Where there has been no formal action by a police jury to abandon a public road right-of-way, no relocation of the road, nor non-use by the public for a period of 10 years, the public )sroad remains a public road. Winn v. Jefferson Davis Parish Police Jury, 560 So.2d 89 (La.App. 3 Cir.1990).
Gratuitous Passage
La.Civ.Code art. 694 reads:
When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.
There is a survey in evidence showing “A 25 Foot Right of Passage Across a Portion of the Property of James Young” prepared for and introduced by Hardisty at the trial of this case. The shaded right of passage as shown on this survey runs from Shady Hill Road along the east side of the Young property and runs into the Watkins property. When it crosses the boundary between Young and Watkins, it makes an abrupt dogleg of slightly more than 100 feet across the northwest corner of Watkins’ land in a west-by-southwest direction to enter the northeast corner of Hardisty’s land. The display of this shaded passage was apparently the purpose of the survey, but it does not represent the gratuitous passage that Har-disty wants.
The gratuitous passage that Hardisty seeks is shown by a meandering red fine which Hardisty drew and initialed while he was on the witness stand. This red fine represents an old trail which enters the Young property from Shady Hill Road on the north fine of the Young property 123.44 feet west of Young’s northeast corner, then meanders south and exits the Young property at a point which we estimate to bejj¡60 feet west of Young’s southeast corner. The red fine exits the Young property into Watkins’ land. This red fine, according to the testimony of Hardisty, followed the trail of an old passage that had been exercised many years earlier. There was other evidence that this was a passage previously exercised. Ms. Watkins testified that she had used that old road 15 years before the trial (which would have been in 1982) to move her large trailer home from Shady Hill Road across the Young property and across what was then the Doolans’ land to its present location on Richardson Lane. She explained that the reason she had to use that route instead of simply staying on Shady Hill Road and Richardson Lane was because her trailer house was too large to move down *814 the meanderings of Richardson Lane. There was no evidence that the red line passage was exercised by anyone within the 15 years prior to trial. Hardisty thinks that this trail represented by the red line is where a gratuitous passage should be furnished.
There are several problems with finding that the red line is a gratuitous servitude of passage under Article 694. One is that Har-disty’s land is not contiguous with the Young property at the point where the red line crosses the southern boundary of the Young property: Hardisty’s northeast corner on the survey is about 40 feet west of where that line exits the Young property.[2] There is no evidence as to where the ^previously exercised passage goes once it leaves the Young property on the south, but it does not enter Hardisty’s property. To connect up with it, Hardisty would have to cross someone else’s property. In any event, it is not Ms. Watkins who is claiming an Article 694 right of passage over the red line “previously exercised” passage, it is Hardisty who demands that this passage be furnished gratuitously, and the passage does not connect his property to a public road.
There is a second problem with the red line route which we will mention, but we will not decide it. We mention it because it exists; we do not decide it because we do not have to decide it. The problem is whether Hardisty’s right to claim a passage under Article 694 has prescribed. The evidence is that the red line route has not been used for over 15 years. This circuit, in Young v. Manuel, 385 So.2d 544 (La.App. 3 Cir.1980), has held that the right to claim a gratuitous servitude is imprescriptible. Yiannopoulos believes that it is a contractual right subject to the liberative prescription of 10 years. A.N. Yiannopoulos, Predial Servitudes, § 103, at p. 306, in IV Louisiana Civil Law Treatise (1983).
The main problem with Hardisty asserting an Article 694 conventional servitude of passage claim against the Youngs is that there is nothing in the public records showing that the Youngs acquired an estate bound to provide a gratuitous passage. Copies of the acts of sale by means of which the Youngs acquired their six acres from H.W. Richardson are in the record, and these acts of sale are silent concerning the creation of a conventional servitude. According to Dallas v. Farrington, 490 So.2d 265 (La.1986), Hardisty would have been entitled to demand a gratuitous conventional servitude of passage from H.W. Richardson, had Richardson | sremained the owner of the Young property. However, the property was sold to the Youngs, who were third parties, and the servitude was unrecorded. Therefore, Hardisty is precluded by the public records doctrine from asserting against these third parties the right to demand creation of a conventional servitude. Dallas states that Article 694 provides for a conventional rather than a legal servitude. The Youngs purchased their property in 1963, at a time when H.W. Richardson still owned both of the tracts later sold to Har-disty and Watkins. Richardson had access to the public road known as Richardson Lane. There was no way in 1963 that the instruments conveying title to the Youngs could have put them on notice that Har-disty’s property would one day become enclosed. While Dallas has been criticized, A.N. Yiannopoulos, Predial Servitudes, § 103, at p. 300, in IV Louisiana Civil Law Treatise (1983), it is the latest expression of the Louisiana Supreme Court on the subject, and we are bound to follow it. We accordingly recognize that the plaintiff has asserted no right of action under Article 694 of the Civil Code.
Right to Forced Passage
Although Hardisty has no assertable right of passage pursuant to Article 694, he may *815 claim a right of passage for indemnity pursuant to Article 689. Stuckey v. Collins, 464 So.2d 346 (La.App. 2 Cir.1985).
La.Civ.Code art. 689 provides that: “The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.”
19ArticIe 689 details the legal right of passage and allows an owner of an estate that has no access to a public road to claim a right of passage over neighboring property to the nearest public road provided that the owner pays indemnity for the damage he causes. LeBlanc v. Thibodeaux, 615 So.2d 295 (La.1993). Articles 690, 691, and 692 address the extent of, constructions allowed on, and location of the passage.
Therefore, what has to be determined is which estate is the servient estate that owes a right of passage to Hardisty’s dominant estate. His right of passage over neighboring property to the nearest public road does not allow him to “demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands.” La.Civ.Code art. 692. “The right of passage for the benefit of an enclosed estate shall be suitable for the kind of traffic that is reasonably necessary for the use of that estate.” La.Civ.Code art. 690.
Hardisty believes that the nearest public road is Shady Hill Road and that the Young property provides the shortest access to Shady Hill Road. The Youngs think that Richardson Lane is closer to Hardisty’s property. The route to Richardson Road would be across Watkins’ property, and she is not a party to these proceedings.
Robert Davis, the land surveyor who prepared Hardisty’s survey that we have previously discussed, measured the distance from Hardisty’s border to the edge of Watkins’ property on Richardson Lane and found it to be 525 feet. He testified that the shaded right-of-way on the survey from Hardisty’s property across the northwestern edge of the Watkins property, and thence along the Young property’s | i0eastem border to Shady Hill Road, is also 525 feet. This is the right of passage, as an alternative to the old red line route, which Hardisty asked for in his petition.
In explanation for his dismissal of Har-disty’s suit the trial judge stated:
Specifically, the testimony of Charlotte Wadkins [sic] establishes that the Richardson Road on the east of her and plaintiffs property is equally as much a public road as the road to the north across defendant’s property and, according to the survey’s [sic] filed into the record of these proceedings, is the shorter route. Further, her testimony together with plaintiffs testimony establishes that Mr. Hardisty in fact utilized the route to the Richardson Road to move a trailer onto his property.
The trial judge never considered any location for passage across the Young property. Young testified that there was a location for a passage across his land which would be least injurious to him, and that was north and south along his west boundary. He admitted that there were some problems with the utilization of that route: one was the presence of hardwood trees that would have to be removed; another was a 10-foot square area where an old hog pen once existed that was low and would have to be filled. Other than that, he thought a 25-foot-wide road on that west location, with ditches on either side for drainage, would work very well. No cost estimates were given with regard to that location.
Young’s objection to a passage on the east side of his property was primarily because there were “prime iron ore deposits” along that side for about 200 feet. The shaded passage on the survey would cross right over those iron ore deposits. No evaluation estimates were provided in the record regarding these iron ore deposits. Also, Young testified, and he was corroborated by Samuel Richardson, that Richardson | nwanted to buy Young’s six acres, but he would not buy it if after his purchase his then 10 acres would be split down the middle by a right-of-way.
The trial court’s decision to dismiss without considering Hardisty’s right to a pas *816 sage across the Young estate anywhere was based entirely on findings that the shortest route to a public road was across Watkins’ estate and that Hardisty had moved his trailer along “the route to the Richardson Road.” Hardisty testified that he moved his trailer across Watkins’ land because he had been denied a right of passage across Young’s. He testified that access to his land since its acquisition has been on foot. Apparently the only time he has ever put a wheeled vehicle on his property was when he hauled his trailer in. Ms. Watkins testified that her land was too swampy and wet, even in August, and Hardisty would have to spend a lot of money to put a road in there. The fact that a neighbor allows temporary ingress and egress does not prohibit an enclosed estate from asking the court to establish a servitude of passage pursuant to Article 689. Wilfair Assoc. v. Southern Pacific Transp., 572 So.2d 185 (La.App. 1 Cir.1990).
We cannot agree that on the record before us the shortest route to a public road is across the Watkins’ property. One shorter route to a public road from Hardisty’s property appears to be the western route across the estate of Young. Counting the north/ south length of Young’s western border of 419.92 feet, and adding the 63 feet across the ditch and over to the south edge of Shady Hill Road, the distance to Shady Hill Road from Hardisty’s adds up to 479.92 feet. Although there is no evidence at all establishing the route where Hardisty hauled his trailer and exercised his foot passage across Watkins’ land, and consequently no way to know how long the |12actual route is, the shortest possible route would be 525 feet because that is the east-west measurement across Watkins’ land. Since Ms. Watkins said that Richardson Lane sometimes meandered into her property by a distance equal to the length of a car, this might be shortened by a few feet but not enough to make it shorter than the Young western route. Another route that appears to be even shorter than the western route would be a passage due north from Hardisty’s northeast corner across the estate of Young to Shady Hill Road which, according to our calculations using the survey in evidence, would be no greater than 450 feet. Even the shaded area on the survey, the route which Hardisty’s petition alleges is his Article 689 route, is as short as the shortest possible route across the Watkins estate, according to the testimony of the surveyor, Davis. We note that there is a 1.67 foot difference in surveyors’ opinions as to the location of the Watkins northeast corner, so no one presently knows for sure what the east-west dimension of her property really is. On the present record, it is impossible for us to determine which is the shorter route between the shaded area on the survey and the passage across the Watkins’ land that Hardisty took to move his trailer. But it appears to us that the shortest route to a public road is across the estate of the Youngs.
The record in the present case is not sufficient for us to determine which of the alternative routes meets the codal requirements. The record is sufficient for us to find that the trial court was in error in concluding, first, that the shortest distance from Hardisty’s property to a public road was to Richardson Lane, and second, that the existence of this precarious right of passage rendered unnecessary any consideration of a right of passage across the land of the Youngs. We do not like to remand cases, | ^because we are mindful of our duty under La.Code Civ.P. art. 2164 and the directives of the supreme court in Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975), and its progeny, to decide cases on appeal whenever the record makes it possible. We believe that in this case, however, to be sure that justice is done and that Hardisty has his day in court, a remand is necessary.
A remand was ordered in the case of Mitcham v. Birdsong, 573 So.2d 1294 (La.App. 2 Cir.1991), because the trial court did not consider all of the alternative routes that the evidence presented. We have the same situation here. The Mitcham court instructed the trial court to follow the two mandates of Article 692, and we will do likewise. The first of these mandates, in our present case, requires the trial court to make a factual determination of whether the shortest straight-line distance from the Hardisty estate to a public road is over the land of Young to Shady Hill Road or over the land of *817 Watkins to Richardson Lane. Once this is done, the trial court may then consider locating the right of way so that it is least injurious to the servient estate, the second mandate of Article 692. On remand, the trial court shall consider evidence in this record and any additional evidence the court may require or the parties may wish to present. Charlotte Watkins was never substituted as a party by the petitioner in this ease. Therefore, under the authority of La.Code Civ.P. art. 646, we order that Charlotte Watkins be made a party-defendant.
The judgment is reversed, and the ease is remanded for further proceedings as directed. Costs of this appeal are assessed to the defendant Youngs. Costs below will be determined at the conclusion of the trial.
REVERSED AND REMANDED.

. The survey is at odds with a copy of an aerial map attached to the petition as Exhibit 1. The lines drawn on the aerial map show the north/ south boundary between Young and Richardson and between Hardisty and Watkins as a straight line. In our analysis oC the case, we assume that the survey is right and that the line drawn on the aerial photograph is wrong.

. The survey in evidence does not show contiguity anywhere between the north two tracts (Young and Richardson) and the south two tracts (Hardisty and Watkins). This is because a conflict between surveys creates an area of unsettled ownership represented by the survey in evidence as an angle about 1000 feet long diverging from a common point on Richardson Lane and separated at its westernmost end by approximately 75 feet. However, as the survey legend suggests, this is simply a boundary problem which in fact does not exist on the ground. There is contiguity all along, the problem being that no one knows right now where the actual boundary is. This hiatus does not affect the finding that the previously exercised passage does not connect Har-disty’s property with a public road.