STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-321

LOUIS D. LALLANDE, JR., ET AL.

VERSUS

LARRY VERRET, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 104119-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

**AFFIRMED.**

Porteus Richard Burke
Burke & Cestia
P. O. Box 10337
New Iberia, LA 70562-0337
(337) 365-6628
Counsel for Defendants/Appellees:
Larry Verret
Eva Lena Harrington Verret

**Roger Chadwick Edwards, Jr.**
**Edwards & Edwards**
**P. O. Box 217**
**Abbeville, LA 70511-0217**
**(337) 893-2884**
**Counsel for Plaintiffs/Appellants:**
**Anaise L. Falgout**
**Annette L. Besse**
**Louis D. Lallande, Jr.**

**Terry Ford Hessick**
**Assistant Attorney General**
**P. O. Box 94005, Capitol Station**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**Counsel for Defendant/Appellee:**
**Charles Carmen Foti, Jr., Attorney General**

**Michael David Lopresto**
**Attorney at Law**
**203 West Main Street, Suite 200**
**New Iberia, LA 70560**
**(337) 367-3561**
**Counsel for Defendant/Appellee:**
**Dinah Verret**

**Robert A. Mathis**
**Newman, Mathis, Brady & Spedale**
**212 Veterans Blvd., Suite 100**
**Metairie, LA 70006**
**(504) 837-9040**
**Counsel for Defendant/Appellee:**
**Regions Bank**

**Eric Paul Duplantis**
**District Attorney's Office**
**300 Iberia Street, 2nd Floor**
**New Iberia, LA 70560**
**(337) 369-4420**
**Counsel for Defendant/Appellee:**
**Iberia Parish Counsel**

**EZELL, JUDGE**.

In this matter, Louis Lallande, Jr., Anaise Falgout, and Annette Besse (the Plaintiffs) appeal the decision of the trial court finding that Larry Verret acquired a triangular piece of land via ten-year acquisitive prescription. The Plaintiffs also appeal the decision of the trial court granting Mr. Verret a servitude of passage over a private road on their property. For the following reasons, we affirm the decision of the trial court.

In 1967, Susette DeBlanc, the Plaintiffs' ancestor in title, sold a piece of land to Albert Verret known as Lot 8. Lot 8 was bound on the north by Sugar Mill Road, a public road, and on the west by Bull Tiger Lane, a private road owned by Mrs. DeBlanc. In the sale of Lot 8, Mrs. DeBlanc reserved a small triangular piece of land on the southwest corner of the lot. Albert Verret then divided Lot 8 into six parcels each running east to west. That subdivision left all but the northernmost lot, Lot 8A, as enclosed estates. Bull Tiger Lane was the only means of accessing the remaining lots.

Albert Verret transferred Lot 8F to his son, Lloyd Verret in 1978. Lot 8F contained the triangle reserved by Mrs. DeBlanc. However, the transfer to Lloyd Verret included a plat indicating the triangle was included in Lot 8 and the transfer documents included language that suggesting that the triangle was included in the transfer to Lloyd Verret.

Lloyd Verret and his wife recorded a conventional mortgage upon the property, including the triangle, which they defaulted upon. Pursuant to judgment on that default, the property was then sold via sheriff's sale to Larry Verret, the appellee in this matter. Larry Verret (hereinafter Mr. Verret) purchased Lot 8F in 1984. He owned and possessed Lot 8F, including the triangle, peacefully until this suit was

1

brought in 2004.

At trial, the trial court found that Mr. Verret had acquired the triangle by good faith acquisitive prescription. Further, the trial court found that lot 8F was an enclosed estate and granted Mr. Verret a servitude of passage over Bull Tiger Lane, which he had been peacefully using to access his property from 1984 up to and beyond the filing of this suit. From this decision, the Plaintiffs appeal.

The Plaintiffs assert four assignments of error on appeal: that the trial court erred in finding that Mr. Verret acquired the triangle via ten-year acquisitive prescription; that the trial court erred in granting the servitude of passage where Lot 8 was enclosed voluntarily by Mr. Verret's ancestor in title; that the trial court erred in granting the servitude of passage along Bull Tiger Lane when the shortest distance to the public road was over other property; and that the trial court erred in deviating from the shortest route mandate without extraordinary circumstances. Because the final three assignments of error are closely related, we will address them together.

The Plaintiffs first claim that the trial court erred in ruling that Mr. Verret acquired the triangle via ten-year acquisitive prescription. Louisiana Civil Code Article 3473 provides that ownership of immovable property may be acquired by the prescription of ten years. Corporeal possession must be alleged by the adverse possessor and must be "continuous, uninterrupted, peaceable, public, and unequivocal" for those ten years. La.Civ.Code art. 3476. Additionally, good faith and just title are requirements for ten-year acquisitive prescription. La.Civ.Code art. 3475. Louisiana Civil Code Article 3480 provides that "[f]or purposes of acquisitive prescription, a possessor is in good faith when he reasonably believes, in light of objective considerations, that he is owner of the thing he possesses." The Louisiana Civil Code presumes good faith that can be "rebutted on proof that the possessor

2

knows, or should know, that he is not the owner of the thing he possesses." La.Civ.Code art. 3481. "It is sufficient that possession has commenced in good faith; subsequent bad faith does not prevent the accrual of prescription of ten years." La.Civ.Code art. 3482. Louisiana Civil Code Article 3483 defines just title as "a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated."

The record is clear that in 1967 when Susette DeBlanc transferred title to Mr. Verret's ancestor in title, Albert Verret, the triangle remained her property. However, in 1981 when Albert Verret sold the property to Lloyd Verret, the plat recorded in the Iberia Parish records shows that Lot 8F contained 1.39 acres, including the triangle. When the property then owned by Lloyd Verret was foreclosed upon and sold to Mr. Verret via sheriff's sale, the information supplied by the bank included the plat listing the triangle as part of Lot 8F. Furthermore, the lot was sold as 1.39 acres, which includes the triangle. The deed from the sheriff's sale was written, valid in form, filed for registry in the conveyance records of the parish where the property is situated, and describes the property in such a manner that the triangle is clearly included in the description in the deed. Thus, Mr. Verret acquired what he believed to be good title through the sheriff's sale. Furthermore, there is nothing in the record which indicates that Mr. Verret possessed this property in bad faith. Rather, Mr. Verret testified that he believed that he owned the triangle and good faith is to be presumed in his favor.

Moreover, he possessed the triangle for nearly twenty years by maintaining it openly, as well as placing trailers, pipe, and other things related to his business on the property. Mr. Verret testified that neither Susette DeBlanc nor the Plaintiffs objected to his use of the triangle. He put shell on the road located on the triangle and, more

3

importantly, paid taxes on the lot, including the triangle, from the time he purchased the lot in 1984. The trial record indicates that he was still paying taxes on the triangle as late as 2006, two years after the commencement of this suit.

"The purpose of good faith acquisitive prescription is to secure the title of a person who purchases immovable property by a deed translative of title, under the reasonable and objective belief that he is acquiring a valid title to the property, and thereafter remains in peaceful possession of the property for more than ten years without any disturbance by the true owner." *Phillips v. Parker*, 483 So.2d 972, 976 (La.1986). It is clear that Mr. Verret not only purchased the triangle in good faith via deed translative of title, but also that he peacefully possessed the triangle for almost twenty years before the Plaintiffs disturbed his possession with this suit. The trial court did not commit manifest error in finding that Mr. Verret acquired the triangle via acquisitive prescription.

The Plaintiffs next contend that the trial court erred in granting Mr. Verret a right of passage over their property, namely, Bull Tiger Lane. The Plaintiffs assert that Mr. Verret's ancestor in title voluntarily enclosed the property and that, therefore, Mr. Verret was not entitled to a right of passage afforded an enclosed estate. The Plaintiffs further assert that any right of passage awarded should necessarily be over the remainder of Lot 8 rather than Bull Tiger Lane. We disagree with these assertions.

The legal right of passage over a neighbor's property to an enclosed estate is addressed in La.Civ.Code art. 689 which states: "[t]he owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion." However, a neighbor is not required to provide passage to the owner of

4

an estate which became enclosed by the voluntary act or omission of its owner. La.Civ.Code art. 693. "Voluntary act or omission" refers to instances where the enclosed estate's owner caused his dilemma by selling part of his property without reserving a right of passage by which to access his property. *Griffith v. Cathey*, 99-923, p.10 (La.App. 3 Cir. 2/2/00), 762 So.2d 29, 36, *writ denied*, 00-1875 (La. 10/6/00), 771 So.2d 85. However, the right to demand gratuitous passage is still available to a purchaser who acquires an estate enclosed as a result of a voluntary alienation of property, even though that right is not available to the seller who voluntarily enclosed the estate. *Spotsville v. Herbert & Murrell, Inc.*, 97-188 (La.App. 3 Cir. 6/18/97), 698 So.2d 31. Louisiana Civil Code Article 693 "does not deny a purchaser who knowingly or voluntarily acquires enclosed property the right of passage over a neighbor's estate. The prohibition applies to the voluntary acts of the vendor and not to those of the vendee." 762 So.2d at 36.

It is clear that Mr. Verret did nothing to enclose the property he purchased from the Iberia Parish Sheriff. And while his ancestor in title who did enclose the estate could not seek passage over Bull Tiger Lane, Mr. Verret, as a subsequent purchaser of the property in question, clearly can under *Griffith*. The trial court did not commit error in finding that Lot 8F was enclosed and that Mr. Verret was entitled to a right of passage from the Plaintiffs under La.Civ.Code art. 689.

Moreover, even if Mr. Verret were merely entitled to a servitude under La.Civ.Code art. 694[1] rather than La.Civ.Code art. 689, as the Plaintiffs contend, "where passage across the vendor's land is impossible or highly impractical, an enclosed owner, even though legally entitled to an Article 694 servitude across his

---

[1] Louisiana Civil Code Article 694 provides that in the case of partition or a voluntary alienation of an estate whereby property alienated or partitioned becomes enclosed, "passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised . . . ."

5

vendor's property, may seek an Art. 689 servitude across a neighbor's land." *Stuckey v. Collins*, 464 So.2d 346, 348 (La.App. 2 Cir. 1985). Under *Stuckey*, the question then for the trial court would become whether the servitude of passage across the remainder of Lot 8 would be so impossible or highly impracticable that Mr. Verret would still be entitled to a right of passage across his neighbor's property, i.e., Bull Tiger Lane. "This is a fact-intensive question, and depends upon the credibility of the witnesses and the findings of fact of the trial court." *Spruell v. Dudley*, 06-15, p. 7 (La.App. 1 Cir. 12/28/06), 951 So.2d 339, 343, *writ denied*, 07-196 (La. 3/23/07), 951 So.2d 1106.

As in *Stuckey*, construction of a road across the property formerly owned by Mr. Verret's vendor would be impossible or highly impractical in this case. Here, a thick line of trees on the eastern boundary of Lot 8 as well as houses and other constructions running throughout the remaining properties on Lot 8 prevent a feasible right of passage from being constructed across the vendor estate. The shortest and only practical route from Mr. Verret's property to the closest public road was Bull Tiger Lane. The road had been in existence for years and was used for a long period of time without interference by the Plaintiffs. Inconvenience and damage to Plaintiffs is minimal at best, especially in light of the fact that Mr. Verret had maintained the road with his tractor and grader and paid roughly $40,000 for limestone between 1976 and 2004 to keep the entire road passable.

After a thorough review of the record and the trial court's Written Reasons for Judgment, we cannot say that under these circumstances, the trial court was manifestly erroneous in granting Mr. Verret a servitude of passage across Bull Tiger Lane. Even if the Plaintiffs had been correct in their assertion that *Griffith*, 762 So.2d 29, did not apply in this matter, Mr. Verret would still have been entitled to use Bull

Tiger Lane under *Stuckey*, 464 So.2d 346.

Finally, Mr. Verret answered the Plaintiffs' appeal, claiming the trial court erred in finding that Bull Tiger Lane is not a public road. However, Mr. Verret failed to address this claim in brief and this issue will be considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4

For the above reasons, the judgment of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against the Plaintiffs.

**AFFIRMED.**