# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 16-110
### consolidated with 16-111

**JOYCE JEANE SERHAN**

**VERSUS**

**JOSEPH DON JEANE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 77,992-B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### SYLVIA R. COOKS
### JUDGE
\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders and Marc T. Amy, Judges.

**AFFIRMED.**

**Mitchelle M. Evans, II**
**416 North Pine Street**
**DeRidder, LA 70634**
**Telephone:  (337) 462-5225**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Lynda J. Garman and Allen Garman**


**Van C. Seneca**
**405 West College Street**
**P.O. Drawer 3747**
**Lake Charles, LA 70602-3747**
**Telephone:  (337) 439-1233**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
        **Joyce Jeane Serhan and Joe Serhan**

**Daniel G. Brenner**
**Christina S. Slay**
**Bolen, Parker, Brenner, Lee & Engelsman, Ltd.**
**P.O. Box 11590**
**Alexandria, LA 71315-1590**
**Telephone: (318) 445-8236**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Joyce Jeane Serhan and Joe Serhan**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

This litigation arises out of a dispute among family members over certain tracts of immovable property that was originally part of the estate of their deceased parents. Specifically, this appeal concerns a suit filed by Joyce Jeane Serhan seeking to stop her brother, Joseph Donald Jeane and two sisters, Lynda Jeane Garman and Margie Jeane Bowen, from preventing her from accessing land that she inherited from their parents.

In 1973, Harold and Hazel Jeane died owning a thirty acre rectangular tract of land located in Vernon Parish, Louisiana. The estate property was approximately 660 feet east to west by 2000 feet north to south. The only public road access to the property was from Hazel Jeane Road. That road runs parallel to the property on the east side, runs through it in the northern portion of the property approximately 200 feet south of the northern border, and continues on the west side of the property. There was a travel path that traversed the property from Hazel Jeane Road in a southerly direction which allowed access to the southern portion of the property.

In 1973, following the death of Harold and Hazel Jeane, the property was divided by a Partition Deed among the children of Harold and Hazel Jeane. The trial court described the five bequeathed tracts of property as follows:

> Linda Jeane Garman received a tract 390 feet east-to-west by 420 feet north-to-south located in the northwest corner; Joseph Donald Jeane received the remainder of the northern 1242 feet; Joyce Jeane Serhan received the 246 feet south of Joseph Donald Jeane; Margie Jeane Bowen received the 246 feet south of Joyce Jeane Serhan; and Walter N. Jeane received the southernmost 246 feet.

Lynda Jeane Garman later transferred her tract in the northwest corner to Joseph

Donald Jeane and acquired the southernmost tract that had belonged to Walter N. Jeane. This transfer meant that Joseph Donald Jeane owned the entire northern portion of the property. As a result of the division of the tracts, Joyce Jeane Serhan's tract was landlocked and had no access to any public road. It should be noted the Partition Deed made no mention of any right of passage.

Following his acquisition of the entire northern portion of the property, Joseph Donald Jeane placed a gate at the entrance to the property at Hazel Jean Road. In 1977, to provide access to the southern portion of the property without having to go through the gate, Walter Jeane established a roadway through timber land that connected the southern boundary of the property to a public road. This road was named "Walter Jeane Road." The travel path that was historically used to access the southern part of the property connects with Hazel Jeane Road to the north and Walter Jean Road to the south.

According to Joyce Serhan, when Hazel and Harold Jeane were still alive, to access the property Joyce and her husband now reside on, they would enter the property through Hazel Jeane Road and would drive through the private travel path. Following the placement of the gate by Joseph Donald Jeane, to which they were not provided a key, the Serhans would access their tract by driving on Walter Jeane Road. They would then have to use the travel path to access their property.

After Walter Jeane died, Margie Jean Bowen acquired the tract that was allocated to Walter in the partition and moved onto the property in 2000. Ms. Bowen subsequently transferred the tract she had acquired in the partition to Lynda Garman. In 2004, Lynda and her husband, Allen, moved onto the property.

During 2006, the Garmans informed the Serhans they could no longer use the travel path through their property to access their tract. The Garmans placed

2

signs informing the Serhans they would be guilty of trespassing if they continued to access the Serhan tract through the travel path by way of Walter Jeane Road.

Joyce Serhan then asked Joseph Donald Jeane to allow the Serhans to access their property from Hazel Jeane Road. The request was refused and Joyce Serhan and Joseph Donald Jeane retained attorneys. Joyce argued that pursuant to La.Civ.Code art. 694, she was entitled to a servitude from Hazel Jeane Road through Mr. Jeane's property because passage had been exercised over his property at the time of the partition. Mr. Jeane refused to grant Joyce a right of passage.

On January 18, 2007, Joyce Serhan filed suit against Joseph Donald Jeane praying for a declaration of her right of passage and damages sustained for being denied access to her property. Subsequently, the Garmans and all other property owners were added as defendants. Access was sought through Hazel Jean Road on the north or, alternatively, through Walter Jean Road on the south. In response to the suit filed by the Serhans, the Garmans filed a defamation suit against the Serhans.[1] It was alleged in that suit that Joyce Serhan and her husband had accused the Garmans of cutting down trees on the Serhans' property. The Garmans hired Charest Thibodeaux to inspect the property to determine if any trees were damages or removed. He provided an affidavit stating he did not find any evidence of downed trees.

Joyce retained Virgil Collins to survey the property. Mr. Collins determined that what were previously believed to be the property lines were not accurate and the property lines had incorrectly been shifted north. As a result, a property shed and driveway built by the Garmans were found to be partially on Joyce's property.

---

[1] The litigation involving the right of passage and defamation suit was consolidated. The appeal concerning the defamation suit is found in docket number 16-111.

Due to these findings, Joyce reconvened against the Garmans demanding the removal of the encroachments and damages.

Mr. Jeane and the Garmans hired their own surveyor, Olin Lacy, who prepared an alternative route (not involving either of their properties) for Joyce to use to access their property. This alternative route ran through the southern portion of the property from the eastern boundary and was approximately thirty feet lower than the route their parents had always used, and the Serhans now use, to access their property. Mr. Collins testified construction of the proposed right of way due to the elevation difference would encounter "tremendous problems" and would be "very difficult" to accomplish.

While the case was pending for trial, in April 2013, the trial court ordered the Garmans and Ms. Bowen to allow the Serhans to access their property from Walter Jeane Road. The Garmans and Ms. Bowen did not comply. Lynda Garman acknowledged her refusal to comply with the court order and explained she did so because she was angry with her sister. The Garmans placed a tractor and trailer on the travel path to block the Serhans (and anyone associated with them) from accessing the property.

Following a trial on the matter, the trial court rendered judgment finding, pursuant to La.Civ.Code art. 694, Joyce Serhan was entitled to a gratuitous predial servitude consisting of a thirty-foot wide right of passage (Joyce had requested a fifty-foot wide right of passage) through the land now belonging to Joseph Donald Jeane. The trial court noted in its written reasons for judgment that testimony adduced at trial established whenever Harold and Hazel Jeane needed to access the land currently owned by the Serhans, they would drive a tractor from Hazel Jeane Road on the traveled path to that area.

As concerning the encroachments, the trial court found the survey performed by Mr. Collins established the Garmans' driveway and shed were partially on Joyce's property. The trial court found the building was placed on Joyce's property in good faith and, pursuant to La.Civ.Code art. 670, would be allowed to stay. Thus, the Garmans would acquire a predial servitude on the land occupied by the shed subject to the payment of compensation for the value of the servitude taken. The trial court determined $500.00 to be reasonable compensation in this instance. Noting the driveway was not a building, the trial court ruled the Garmans were required to remove the driveway in as far as it encroaches on Joyce's property within 120 days.

Lastly, the trial court addressed the issue of damages. It found Mr. Jeane and the Garmans "refused to allow Mrs. Serhan passage, placed locks on gates in her path, and even disregarded court orders to allow her passage, thereby depriving Mrs. Serhan of her vested property rights." The trial court found $7,000.00 to be just and reasonable compensation and held Mr. Jeane and the Garmans liable *in solido* for that amount. The trial court also found Mr. Jean and the Garmans liable *in solido* for $5,500.00 in costs for the survey and testimony of Mr. Collins, Joyce Serhan's surveyor.

Mr. Jeane and the Garmans lodged an appeal with this court. Their appellate brief fails to assign any errors, list the issues presented for review or request any specific relief in its conclusion. Thus, it does not comport with Louisiana Courts of Appeal, Rule 2-12.4. However, based upon the argument in their brief it is apparent they take issue with the trial court's granting of the gratuitous predial servitude over Mr. Jeane's land in favor of Joyce Serhan. They also briefly discuss the encroachment claims for which the trial court awarded damages and ordered

5

the removal of the portion of the driveway that encroached on the Serhans' property. Thus, in the interests of justice, we will address these issues. At no point in its brief, do Mr. Jeane and the Garmans discuss the trial court's award of damages to Joyce Serhan in any way, nor do they contest the award of $5,500.00 in costs for the survey and testimony of Mr. Collins. Therefore, these issues are not properly before this court.

**ANALYSIS**

We review judgments regarding servitudes under the manifest error standard of review. *Griffith v. Cathey*, 99-923 (La.App. 3 Cir. 2/2/00), 762 So.2d 29, *writ denied*, 00-1875 (La.10/6/00), 771 So.2d 85. The appellate court may not set aside a trial court's findings of fact unless they are manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

The record is clear the Serhan tract of land became landlocked as a result of the partition of the property of Harold and Hazel Jeane. Therefore, La.Civ.Code art. 694 is applicable. That Article provides:

> When in the case of partition, or a voluntary alienation of an estate or a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road or utility, and even if the act of alienation or partition does not mention a servitude of passage.

This provision is mandatory and the only requirement is that the passage was previously used or exercised prior to the partition. *Fuller v. Wright*, 464 So.2d 350 (La.App. 2 Cir.1985), *writ denied*, 465 So.2d 737 (La.1985).

As noted by the trial court, when the partition was executed in 1973, the property now owned by the Serhans was accessed from Hazel Jeane Road. Mr. Jeane did not dispute that his parents always accessed the property from Hazel

6

Jeane Road, at the place where he installed a locked gate. Mr. Jeane also testified there were several travel paths which his parents used by tractor to access parts of the property, including the path which Joyce sought to use to access her property. Additional testimony adduced at trial established that prior to the partition, that when Harold and Hazel Jeane needed to access the area of land currently owned by the Serhans, they would drive a tractor from Hazel Jeane Road along the ridge line on the traveled path to that area. That was the reasoning for the trial court granting the predial servitude over the traveled path through Mr. Jeane's land. This comports with the language of La.Civ.Code art. 694 that provides the right of passage be furnished where "the passage was previously exercised."

Moreover, the trial court found alternative paths proposed by Mr. Jeane's and the Garmans' surveyor for the right of passage were not workable. Two of the recommended paths proposed going through adjacent land owned by a timber company, which would require Joyce to purchase a right-of-way from the timber company. That ignores the law applicable to partitioned property. A third path which was proposed on different land on the partitioned property, was not on land over which passage was previously exercised, and was testified to as unworkable by Virgil Collins at trial:

> Q. Would putting a right-of-way along [Mr. Jeane's proposed alternative path] create problems with the elevation?
>
> A. It would create tremendous problems in my opinion with the construction due to the elevation difference.
>
> Q. And why is that?
>
> A. Because the elevation difference along the east line of that property within a 40 foot distance is about 12 foot difference in grade vertically and to – in order to build a substantial level road base they would have to do a considerable amount of clearing and construction with road work and grading.

7

Q. Would a right-of-way and doing all that work with a right-of-passage as proposed by Mr. Don Jeane be suitable for the kind of traffic that Mr. and Mrs. Serhan would need to use to get to their property?

A. It would be very difficult in making that 90 degree curve having to build a road base to accommodate a motor vehicle, which would take quite a radius in that curve and quite a bit of field dirt and construction.

Accordingly, we find the trial court's determination of the route for a right of passage in favor of the Serhans across the land of Joseph Donald Jeane was not manifestly erroneous, and we affirm.

Mr. Jeane and the Garmans briefly address the trial court's award of damages for the encroachment of the metal building and driveway onto the Serhans' property. They do not contest the findings that the building and driveway were on the Serhans' property nor the amount of the award. The trial court based its ruling on La.Civ.Code art. 670, which provides:

When a landowner constructs in good faith a building that encroaches on an adjacent estate and the owner of that estate does not complain within a reasonable time after he knew or should have known of the encroachment, or in any event complains only after the construction is substantially completed, the Court may allow the building to remain. The owner of the building acquires a predial servitude on the land occupied by the building upon payment of compensation for the value of the servitude taken and for any other damage that the neighbor has suffered.

The trial court concluded when the Garmans built the metal building and driveway partially on the Serhans' property, they did so in good faith since they were unaware of the actual boundaries until the survey by Mr. Collins was completed. Pursuant to La.Civ.Code art. 670, the trial court had the authority to allow the building shed to remain with a predial servitude created in favor of the building owner, subject to reasonable compensation in the amount of $500.00 for

8

the servitude. The portion of the driveway encroaching on the Serhans' land was ordered removed, as it was not a building. We find the trial court's judgment both reasonable and in accordance with the law.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs of this appeal are assessed to defendants-appellants.

**AFFIRMED.**