# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

───────

No. 16-30147
Summary Calendar

───────

United States Court of Appeals<br>Fifth Circuit<br><b>FILED</b><br>November 2, 2016<br>Lyle W. Cayce<br>Clerk

CONSOLIDATED GRAIN & BARGE, INCORPORATED,

   Plaintiff

v.

RANDY ANNY,

   Defendant

----------------------------------------

AMERICAN RIVER TRANSPORTATION COMPANY,

   Plaintiff - Appellee

v.

RANDY ANNY,

   Defendant - Appellant

----------------------------------------------

RANDY ANNY; Individually and as Administration of the Succession of Victoria Ester Martin,

   Plaintiff - Appellant

BARBARA FALGOUST

   Intervenor-Plaintiff - Appellant

v.

No. 16-30147

ALBERT DUOURG, The Heirs of

> Defendant

American River Transportation Company

> Intervenor Defendant - Appellee

————————————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:11-CV-2615, 2:13-CV-5827, 2:11-CV-2204

————————————

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

This appeal arises from a trespass action. The American River Transportation Company ("ARTCO") owned land along the Mississippi River in Convent, Louisiana. ARTCO alleged that the neighboring landowner, Barbara Falgoust, along with her husband, Randy Anny, trespassed on its property when they built a haul road and a fence on ARTCO's side of the property line. Anny and Falgoust responded that they owned the land through acquisitive prescription (the Louisiana analogue of adverse possession). After a nine-day bench trial, the district court made extensive findings of fact and conclusions of law, finding that ARTCO rightfully owned the property, that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

## No. 16-30147

Anny and Falgoust did not acquire it by acquisitive prescription, and that Anny and Falgoust owed damages for their trespass.

Anny and Falgoust, now pro se (though they were represented by counsel during the district court proceedings), appeal the district court's judgment, arguing primarily that the district court erred in finding that they did not own the disputed land by acquisitive prescription. They explicitly state that they are not challenging the district court's factual determinations—only its legal conclusions. Their arguments, however, do little more than question the district court's factual findings without providing a legal basis for calling them into doubt.

We conclude that the district court did not err in finding that Anny and Falgoust did not own the land.[1] The district court explicitly found that there was no credible evidence showing that Anny and Falgoust (or their predecessors in interest) continuously possessed and used the land in question for any period of years prior to their trespass in 2011; that they never had just title to the land; and that they knew, prior to the trespass, where the correct boundary line was located. In other words, there was no acquisitive prescription, only bad-faith trespass. Moreover, the district court's findings concerning acquisitive prescription were factual findings that are only reviewable for manifest error, which Appellants wholly fail to show. *See, e.g., Lallande v. Verret*, 21 So. 3d 444, 447–48 (La. App. 3 Cir. 2009).

Anny and Falgoust's other arguments are similarly without merit. The district judge found that ARTCO had a proper lease agreement with a third party that would have been executed but for the trespass, so it did not err in assessing damages for loss of a business opportunity. The district court also

---

[1] Falgoust owned the land adjacent to ARTCO's land. Anny leased land from Falgoust.

No. 16-30147

found that both Anny and Falgoust contributed to and were responsible for the trespass, so did not err in finding them solidarily liable for damages.

AFFIRMED.