286 So.2d 109 (1973)
UNITED GAS PIPELINE COMPANY, Plaintiff-Appellee,
v.
Ronald BELLARD, Defendant-Appellant.
No. 4367.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
*110 Andrew Vidrine, Church Point, for defendant-appellant.
Hargrove, Guyton, Van Hook & Ramey, by Ray A. Barlow, Shreveport, Pugh, Buatt, Landry & Pugh by Lawrence G. Pugh, Jr., Crowley, for plaintiff-appellee.
Before FRUGÉ, SAVOY and PONDER, JJ.
SAVOY, Judge.
This action was instituted by plaintiff against defendant praying for a mandatory injunction ordering defendant to remove a concrete slab and an addition to his residence from over a six-inch natural pipeline, owned, maintained and operated by plaintiff, such removal to be a distance of at least four feet from either side of the pipeline. Plaintiff's petition also asks for a permanent injunction restraining defendant and anyone acting on his behalf, from doing anything in the future which will interfere with its use of the pipeline right-of-way and easement and pipeline across the property of defendant.
After trial, the district court granted plaintiff's request for the permanent injunction as prayed for. Defendant appealed.
The facts are not disputed and are that on December 22, 1930, defendant's predecessors in title conveyed to plaintiff's predecessor in title and to its successors and assigns, a right of servitude to construct, maintain, and operate pipelines over certain property, a portion of which is involved in this litigation.
Pursuant to the authority granted it in the servitude, plaintiff's predecessor in title constructed a six-inch natural gas pipeline over and through the subject property in 1931.
Defendant acquired the land in controversy on January 31, 1959. He admits that he had the property examined by an attorney-at-law prior to purchase and that he knew at the time of purchase that his property was burdened with a servitude for the construction of a gas pipeline and that a pipeline had been constructed.
In July of 1970, defendant began and completed in a period of two months, the construction of an addition to his house. A portion of that addition was constructed on a concrete slab which lies directly over plaintiff's pipeline. The addition to defendant's residence subsequently burned and was rebuilt in 1971.
In this court the case was submitted on briefs. Appellant, in his brief, states the issues to be:
1) Are the provisions of the contract clear? If not, how should they be interpreted?
2) Appellant having complied with the provisions of Article 777 of the Louisiana Civil Code, is not United also forced to comply?
3) Should an infringement of the contract exist, does it in any way inconvenience or burden United from the exercise of its limited right of way servitude?
4) Is not United estopped from seeking the remedy it seeks because of its inaction to the detriment of appellant?
*111 5) Does not equity demand a reversal of the findings of the trial court and a ruling in favor of appellant?
In June of 1971, plaintiff first learned of the construction over the pipeline and requested that the structure be removed from the pipeline or reimburse it for removing the pipeline from under the structure and relocating it elsewhere. Defendant refused and the instant suit followed.
We will first address ourselves to defendant's complaint that the right of way deed is ambiguous. An examination of the instrument reveals that it is the ordinary right of way grant. It provides in part to grant to plaintiff's predecessor in title
"`... its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, ... over and through ...' certain property described therein, which includes the two-acre tract of land now owned by Bellard and on which the encroachment is constructed precipitating this litigation:
`TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.'"
We conclude that the right of way grant is unambiguous.
Appellant's second contention is that it has complied with LSA-C.C. Article 777.
The pertinent portion of the above article states that:
"The owner of the estate which owes the servitude can do nothing tending to diminish its use, or to make it more inconvenient. Thus he can not change the condition of the premises ..."
Mr. O. D. Jackson, qualified at the trial as an expert engineer in the field of design, construction maintenance and operation of natural gas pipelines, testified in detail. In summary, he said that with the encroachment on the pipeline, plaintiff did not have access to the line to make repairs which might be needed if a gas leak should develop in the line; that the covering of a portion of the line with the concrete slab created a hazard. He said that a cave-in could result from the structure being placed over the line. We agree with the district judge and counsel for appellee that the actions of the defendant diminished the use of the servitude within the contemplation of LSA-C.C. Article 777.
Appellant's third contention is that plaintiff is not incovenienced in its use of the right of way because of the structure placed on the pipeline by him. Mr. Jackson has adequately rebutted this argument and we find no merit to it.
Appellant's fourth contention is that plaintiff is estopped from seeking an injunction because of its inaction in not making a demand for the removal of the encroachment. The record is clear that defendant knew of the pipeline and knew it was behind his house before he built over it. Defendant did not know the exact location of the pipeline, and he did not make any effort to locate same. Plaintiff did not know of the encroachment until 1971.
Estoppel is an affirmative defense which is not favored and the burden of proof is upon the defendant asserting same. Louisiana Code Civil Procedure, Article 1005; Arkansas La. Gas Co. v. Thompson, 222 La. 868, 64 So.2d 202 (1953); Union Oil Co. of Cal. v. Touchet, 229 La. 316, 86 So.2d 50 (1956); Baton Rouge Lumber Co. v. Gurney, 173 So.2d 251 (La.App.1st Cir. 1965). One asserting an estoppel must show his own good faith and diligence. Muff v. Algermissen, 198 So.2d 742 (La.App.1st Cir. 1967), writ refused.
*112 One of the fundamental elements of estoppel is that the person against whom it is urged knew of the facts relied upon. Little v. Barbe, 195 La. 1071, 198 So. 368 (1940); Christen v. Coulon, 94 So.2d 47 (La.App.1957).
Another element of estoppel is that the person asserting same be induced to change his position in reliance upon the conduct of another. Turner v. Ewing, 255 La. 659, 232 So.2d 468 (1970); Whitehall Oil Co. v. Boagni, 255 La. 67, 229 So.2d 702 (1969).
Mr. Bellard did not rely upon any representations or conduct of United. He simply built over the pipeline he himself knew was there without taking any steps to locate the exact position of the pipeline. Thus, none of the elements of estoppel are present. United had no knowledge of Mr. Bellard's construction, and Mr. Bellard did not rely upon anything United said or did.
Furthermore, it is well established that real rights, and a servitude is definitely a real right, cannot be gained or lost by estoppel. Prentice v. Amax Petroleum Corp., 220 So.2d 783, 789 (La.App. 1st Cir. 1969), writ refused. Thus, in any event, estoppel cannot be invoked to defeat United's real right which is asserted in this action.
We conclude that the plea of estoppel is without merit.
The last argument raised by counsel for defendant is that equity demands a reversal of the district court judgment. LSA-C.C. Article 21 provides:
"In all civil matters, where there is no express law, the Judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent."
Since we have applicable law in the instant case on the subject matter in litigation, equity cannot be invoked by the courts.
For the reasons assigned, the judgment of the district court is affirmed, costs of this appeal to be paid by appellant.
Affirmed.