LABORDE, Judge.
This dispute arises from a predial servitude of passage claimed by defendants over the land of plaintiffs. Plaintiffs seek to enjoin defendants from using the drive that traverses their land, plus damages for defendants’ removal of certain ornamental shrubs from plaintiffs’ property. The trial judge concluded that such a servitude had been created in favor of defendants by acquisitive prescription of ten years, the duration applicable to good faith possessors of apparent servitudes, but that defendants nonetheless owed plaintiffs relatively minor damages for removal of the plants and mental anguish. Finding no error on the part of the trial judge, we affirm.
PACTS
The dominant and servient estates involved in this proceeding were acquired from a common ancestor at points very close in time. Plaintiffs purchased their property in 1978 and built a family home there. Defendants’ driveway existed at the time, according to plaintiff Richard Lucas, whose family has filed suit, and the crepe myrtles were planted by plaintiffs soon thereafter.
The present suit was not filed until October 25, 1991, thirteen years after plaintiffs purchased their property, largely as a consequence of a simmering dispute that erupted from events flowing from a recent election. Defendant George Strother, who became upset after developing suspicions that his neighbors had knocked down political signs he erected on plaintiffs’ property on or near defendants’ servitude, retained counsel to issue a demand letter to have plaintiffs remove crepe myrtles from his thirty foot wide servitude. When plaintiffs failed to obey, defendant physically removed four of the five trees located on his servitude. This suit followed.
LAW AND ANALYSIS
Both parties have appealed the judgment of the trial court. Plaintiffs reiterate their position that defendants have no valid predial servitude of passage which enables them to travel across plaintiffs’ property. Defendants have no quarrel with the lower court’s finding that a predial servitude exists in their favor, but again assert that the law permitted them to remove the crepe myrtles from anywhere on the servitude, regardless of whether that portion of the servitude was in actual use.
Our review of the pleadings, transcript, exhibits, and briefs leads us to uphold the trial judge’s correct finding that a predial servitude of passage existed in defendant’s favor. Predial servitudes may be natural, legal, or conventional; the latter may be established by juridical act, prescription, or destination of the owner. LSA-C.C. art. 654. *394 During trial, plaintiff Richard Lucas conceded that the passage was apparent to him at the time he purchased his property in 1978. Apparent servitudes may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title. Since plaintiffs did not initiate these proceedings until October 1991, more than ten years after plaintiffs acquired their property, we cannot say that the trial judge erred in finding that a predial servitude of passage existed in defendants’ favor. Our finding that a predial servitude exists by prescription pretermits our consideration of the validity of any contractually created predial or personal servitude.
The finding that a servitude existed in favor of defendants at the time the trees were removed does not, however, insulate them from liability for the damages wrought by them against the owners of the servient estate. We do not subscribe to the theory that owners of predial servitudes of passage are free to remove anything beyond obstructions actually hindering them from exercising their rights. As a general proposition, only rights that are necessary for the use of a conventional predial servitude are acquired at the time a servitude is established, and such accessory rights must be exercised in a way least inconvenient for the servient estate. LSA-C.C. art. 743 and Comment (b). Of more interest here, unless the- title provides otherwise, the extent of the servitude of passage is that which is suitable for the kind of traffic necessary for the reasonable use of the dominant estate. Bienvenu v. Foti, 567 So.2d 818, 821 (La.App. 3d Cir.1990) and cites therein.
Art. 705. Servitude of passage
The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, or vehicles are permitted to pass through the servient estate. Unless the title provides otherwise, the extent of the right and the mode of . its exercise shall be suitable for the kind of traffic necessary for the reasonable use of the dominant estate.
Acts 1977, No. 514, § 1.
LSA-CC art. 705.
The trial judge concluded that plaintiffs’ bushes were removed not so that defendants could access their property, but in retribution for plaintiffs having removed political signs erected by defendants on their right of passage. Based on his findings, supported by the record, that plaintiffs’ property was damaged by defendants’ intentional act, he awarded plaintiffs damages. We see no basis for upsetting his factual or legal determinations. See Bienvenu v. Foti at 821-822.
Decree
The judgment of the trial court is affirmed, with each party to bear its own costs on appeal.
AFFIRMED.