696 So.2d 203 (1997)
Robert McCANN, et ux., Plaintiffs-Appellees,
v.
Herman NORMAND, Defendant-Appellant.
No. 97-103.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1997.
*204 Anthony Jennings Roy, III, Marksville, for Robert McCann et ux.
W. Bernard Kramer, Alexandria, for Herman Normand.
Before COOKS, WOODARD and AMY, JJ.
AMY, Judge.
The plaintiffs, Robert and Elaine McCann, have, for years, used a driveway located on the property of the defendant, Herman Normand, in order to reach their home. The plaintiffs filed suit against the defendant seeking a judgment recognizing a right of passage or servitude of passage on that driveway. The trial court found that the plaintiffs are entitled to relief pursuant to La.Civ.Code art. 741. The defendants now appeal. For the following reasons, we reverse.

DISCUSSION OF THE RECORD
The chain of ownership of the tracts of land involved in this case was stipulated to by the parties. The entire parcel of land now at issue was purchased in 1944 by Adras and Annie Normand. Mr. Edward Jones Walker, Annie Normand's son, testified at trial that he had been familiar with the single tract of land since 1944 and that the driveway, now in dispute, existed and was used at that time. In 1946, the Normands sold a 50'50'tract to Adras' son, Herman Normand, the defendant. Further, the defendant acquired an additional portion of the Normands' tract in 1956.
Adras and Annie Normand obtained a divorce and their single tract of land was divided into two tracts in 1963 as part of the couple's Community Property Settlement. Annie Normand sold her portion of the property to the plaintiffs in 1967. The tracts owned by the plaintiffs and the defendant are adjacent to one another.
The plaintiffs filed a petition on August 28, 1996 in which they asked the trial court for a judgment "acknowledging the right-of-use and/or passage" on the driveway. The plaintiffs subsequently filed a Supplemental and Amending Petition on September 27, 1996 alleging that the adjoining tracts of land were once part of a single tract owned by the Normands, that the land was partitioned at the time of the dissolution of the couple's marriage, and that "[a]t the time of the acquisition by the petitioner's and defendant's ancestors in title, the driveway in question was used for the joint estate." The plaintiffs further allege that, upon partition, Annie Normand continued to use the driveway, that they used the driveway after acquiring the property, and further, that they have "kept up the driveway until present." Finally, the plaintiffs contend that they are entitled to a judgment "recognizing the right of passage or servitude of passage acquired through prescription by a combination of petitioner's ancestors in title and further for destination of the owner."
Following a hearing, the trial court found in favor of the plaintiffs and issued Reasons for Ruling on November 6, 1996. In that ruling, the trial court held that the plaintiffs are not entitled to an apparent servitude under La.Civ.Code art. 742, but are entitled to relief pursuant to La.Civ.Code art. 741. Accordingly, a judgment was signed on November 24th, 1996 recognizing an established servitude of passage.
The defendant now appeals and assigns the following: 1) In 1946 and 1956, a servitude and right of passage could not be established other than by deed; and 2) La.Civ. Code art. 741 should not be applied retroactively. We conclude that both of these assertions have merit.

LAW
The defendant argues, in brief, that the trial court erred in applying La.Civ.Code art. 741 retroactively. Instead, the defendant relies *205 on the Civil Code Articles as they existed before the 1978 revisions arguing that the land has not been owned by any single person since the 1946 and 1956 sales of two portions of that tract. He further asserts that "[i]t is not disputed that the servitude of way and passage is apparent and discontinuous[,]" and that the law relating to apparent and discontinuous servitudes is set forth in Article 727 and Article 728 of the Civil Code as it existed before 1978. The defendant then goes on to argue that these earlier codal articles provide that a discontinuous servitude can be established only by deed and that, since there is no deed in the present case, a servitude does not now exist.
Currently, La.Civ.Code art. 740 provides:
Apparent servitudes may be acquired by title, by destination of the owner, or by acquisitive prescription.
This provision, made effective in 1978, changes prior law which stated that only continuous and apparent servitudes may be acquired by these modes. However, the comments to Article 740, as it now exists, state that the provision is not retroactive. The comments contain, in part, the following language:

The provision is not retroactive. Thus, the quasi-possession of a servitude that would be discontinuous under the prior law does not give rise to prescriptive rights except from the effective date of the new legislation. Prescription, however, commenced prior to the effective date of the new legislation for the acquisition of a servitude that would be continuous and apparent under the prior law continues to run. Upon accrual of the prescription, the right acquired will be that of an apparent servitude under the new legislation.
(Emphasis added). Thus, it is apparent that the provision as it now reads was not intended to be applied retroactively as it relates to acquisitive prescription. However, nothing is specifically mentioned in the text or comments as it relates to creation of a servitude by destination of the owner which is provided at Article 741 and, on which, the trial court relied in granting relief in the present case.
La.Civ.Code art. 741 currently provides:
Art. 741. Destination of the owner
Destination of the owner is a relationship established between two estates owned by the same owner that would be a predial servitude if the estates belonged to different owners.
When the two estates cease to belong to the same owner, unless there is express provision to the contrary, an apparent servitude comes into existence of right and a nonapparent servitude comes into existence if the owner has previously filed for registry in the conveyance records of the parish in which the immovable is located a formal declaration establishing the destination.
Again, this version of the article became effective in 1978. While the revision comments to Article 741 do not directly address whether the provision can be applied retroactively, the comments provide, in part:
(a) This provision is new. It is based on articles 649, 767, 768, and 769 of the Louisiana Civil Code of 1870. An apparent servitude may be acquired by destination of the owner under Article 741, even though it might be regarded as discontinuous under the regime of the 1870 Code.
While the current article allows the acquisition of a discontinuous servitude by destination of the owner, the earlier articles, on which the plaintiffs rely do not allow such an acquisition in the absence of title. The 1870 Civil Code, which was in place until the 1978 revisions, provided the following:
Art. 727 Servitudes are either continuous or discontinuous.
Continuous servitudes are those whose use is or may be continual without the act of man.
Such are aqueduct, drain, view and the like.
Discontinuous servitudes are such as need the act of man to be exercised.
Such are the rights of passage, of drawing water, pasture and the like.
Art. 728 Again, servitudes are either visible and apparent or nonapparent.

*206 Apparent servitudes are such as are to be perceivable by exterior works; such as a door, a window, an aqueduct.
Non-apparent servitudes are such as have no exterior sign of their existence; such, for instance, as the prohibition of building on an estate, or of building above a particular height.
Art. 766 Continuous nonapparent servitudes, and discontinuous servitudes, whether apparent or not, can be established only by a title.
Immemorial possession itself is not sufficient to acquire them.
Immemorial possession is that of which no man living has seen the beginning, and the existence of which he has learned from his elders.
Art. 767 The destination made by the owner is equivalent to title with respect to continuous apparent servitudes.
By destination is meant the relation established between two immovables by the owner of both, which would constitute a servitude if the two immovables belonged to two different owners.
In reasons for ruling, the trial court stated that "[t]here is no dispute that the driveway is an apparent and discontinuous type of servitude. The old law applicable has been legislatively overruled since 1977." The court went on to consider whether an acquired servitude is proper under either La. Civ.Code art. 741 or 742[1]. The court found that the plaintiffs could not prevail under Article 742, which has also been effective since 1978. The court stated:
By virtue of the application of LSA-C.C. Art.742 the plaintiffs would have an acquired servitude if it is applied retrospectively. However, from its effecive [sic] enactment date of 1977, the new article may only be applied prospectively and the plaintiffs are not entitled to relief under this article until the year 2007.
The trial court did, however, find that the plaintiff did acquire a servitude by destination of the owner. The court stated:
When the ancestor in title created two lots out of the whole and maintained the driveway, then the apparent servitude came into existence "of right" in the absence of an express provision to the contrary. There are no express provisions to the contrary contained anywhere in the chain of title. It appears from the evidence adduced that Article 741 is on point. The plaintiffs are therefore entitled to use of the driveway in accordance with the law.
Although not explicitly stating so, the trial court obviously found that Article 741, which also became effective in 1978, could be applied retroactively. Accordingly, we are called upon to consider whether this retroactive application is correct.
With regard to retroactivity of law, Article 6 of the current Civil Code provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
The supreme court has stated that substantive laws are those which establish new rules, rights, and duties or change existing ones. Segura v. Frank, 93-1271, 93-1401 (La.1/14/94); 630 So.2d 714, cert. denied, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). Additionally, procedural laws are those that prescribe a method for enforcing a substantive right and relate to the form of the proceeding or operation of the laws. Id. Finally, interpretive laws are those that merely establish the meaning the interpreted statute had from the time of enactment. Id.
Given these definitions as set forth by the supreme court, we do not find that Article 741 of the current Civil Code should be applied retroactively. Before the revised code came into effect in 1978, a discontinuous servitude could not be acquired by destination *207 of the owner without title. However, this distinction between discontinuous and continuous servitudes was legislatively changed by the revisions. We consider the elimination of this distinction to fit within the definition of a substantive law as discussed by the supreme court in Segura. By virtue of La.Civ.Code art. 6, a substantive law can be only applied prospectively in the absence of contrary legislative expression. We find no such legislative expression in the present case.
Additionally, we do not view Article 741 as either a procedural or interpretive law and, therefore, subject to both prospective and retroactive application. We recognize that, as the plaintiffs argue, the pre-1978 distinction between continuous and discontinuous servitudes has been criticized. See Kizer v. Lilly, 471 So.2d 716 (La.1985). We do not find, however, that this criticism indicates that the revision to the law is an interpretation or explanation of the meaning held by the law since its enactment, but rather is an indication of the reasoning on which the change was based. The law existent at the time of the driveway's creation prohibited recognition of an apparent discontinuous servitude by destination of the owner (in the absence of a title). The law has changed. As such, we do not view the 1978 revisions to the Civil Code as they relate to this issue as an interpretation or explanation of existing law. Accordingly, we find that the trial court erred in applying Article 741 retroactively.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and we enter judgment for the defendant. Accordingly, it is hereby ordered, adjudged and decreed that there be judgment herein in favor of defendant, Herman Normand, and against plaintiffs, Robert McCann and Elaine McCann, dismissing plaintiffs' demands against defendant, with full prejudice. All costs of the trial and this appeal are assessed to the plaintiffs, Robert and Elaine McCann.
REVERSED.
NOTES
[1] Article 742 as it currently appears in the Civil Code provides the law regarding acquisitive prescription. This article contains the following language:

The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.