762 So.2d 29 (2000)
Hillard & Linda Sue GRIFFITH, Plaintiffs-Appellants,
v.
Conrad and Judy Wright CATHEY, et al. Defendants-Appellees.
No. 99-923.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
Opinion Granting Rehearing May 24, 2000.
*31 William P. Crews, Natchitoches, LA, Counsel for Plaintiffs/Appellants, Hillard & Linda Griffith.
Robert W. Thomas, Lake Charles, LA, Counsel for Defendants/Appellees, Conrad & Judy Cathey and Westwind Estates, et al.
Don M. Burkett, District Attorney, Many, LA, Counsel for Defendant/Appellee, Sabine Parish Police Jury.
BEFORE DOUCET, C.J., THIBODEAUX and DECUIR, Judges.
THIBODEAUX, Judge.
This case involves the legal status of a segment of a paved road in Sabine Parish. Plaintiffs, Hillard and Linda Sue Griffith, seek to have the road declared their private property free of all servitudes. The *32 Catheys claim a predial servitude of passage over the road traversing the Griffiths' property. The trial court found that the road was privately owned by the Griffiths but had become subject to use by the public through acquisitive prescription, and that the Catheys were entitled to a right of way passage over the Griffiths' property to their enclosed estate. We disagree in part and agree in part.
We reverse the judgment of the trial court to the extent that it granted a servitude of passage because of acquisitive prescription over the Griffiths' property. Article 740 of the Civil Code grants an apparent servitude by acquisitive prescription, but did not allow prescriptive rights to apply to an apparent discontinuous servitude, such as a road, until January 1, 1978. However, the Defendants enjoy a servitude of passage by virtue of their ownership of an enclosed estate pursuant to La.Civ.Code art. 689.
I.
ISSUES
We shall decide:
1. whether the trial court erred in granting the Defendants' peremptory exception of nonjoinder and in ordering the Sabine Parish Police Jury joined as a necessary party to the action.
2. whether the trial court erred in holding that the road that traverses the Plaintiffs' property is a private road or subject to a servitude of passage based on acquisitive prescription of thirty years of uninterrupted possession.
3. whether the trial court erred in finding that the Defendants' property was an enclosed estate entitling them to a predial servitude of passage over the Plaintiffs' property under La.Civ.Code art. 692 rather than denying the servitude under La.Civ. Code art. 693 and La.R.S. 9:1251.
4. whether the doctrine of laches or estoppel may be applied to these facts to preclude the Griffiths from asserting their cause of action.
5. whether the trial court erred in not awarding damages and reasonable attorney's fees to the Plaintiffs.

II.

FACTS
The property at issue is located near the Toledo Bend Reservoir in Sabine Parish. In 1987, Hillard and Sue Griffith purchased 15.5 acres known as Pendleton Bridge Resort and Marina, located on the shores of the reservoir. A paved road traversed the property at the time of purchase. The road, which was subsequently named Merritt Mountain Road, intersects Louisiana Highway 6. The road is also referred to as Tom Sawyer Lane. At the time of purchase, the Griffiths believed that the only servitude on their property was one granted to an electric company.
In 1995, Conrad and Judy Cathey, among others, purchased property adjacent to the Griffiths' property. The property is located at the end of Merritt Mountain Road, the only means of ingress and egress. The Catheys initiated plans to develop a subdivision on their property.
Upon observing truck traffic utilizing the road traversing their property, the Griffiths sought an injunction to preclude the Catheys' use of the road and a declaratory judgment regarding the legal status of the road.
The trial court held that the Catheys were entitled to a predial servitude of passage over the Griffiths' property because the road had been used by the public at least thirty years prior to the lawsuit. The trial court also found that the Catheys were entitled to a right of passage over the Griffiths' property because the Catheys' property was an enclosed estate. The trial court determined that Merritt Mountain road had not been dedicated to public use. *33 The Griffiths appeal the grant of the servitudes.

III.

LAW AND DISCUSSION

Standard of Review
An appellate court may not set aside a trial court's findings of fact unless they are manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). In order to reverse under the manifest error rule, an appellate court must find from the record that there is no reasonable basis for the trial court's finding and that the record shows the finding to be manifestly erroneous. Stobart v. State, Dep't of Transp. and Dev., 617 So.2d 880 (La.1993).

PEREMPTORY EXCEPTION OF NONJOINDER
The Griffiths argue that the trial court erred in finding that the Sabine Parish Police Jury was a necessary party and in granting the Defendants' peremptory exception of nonjoinder.
In support of their exception the Catheys argued that the Police Jury was a necessary party to the action because if the court declared the road at issue a public road, then the Police Jury would be the proper owner of both the roadway and the rights of way thereto, and responsible for the maintenance of the roadway. After determining that the Sabine Parish Police Jury was an indispensable party to the action, the trial court granted the Peremptory Exception of Nonjoinder filed by the Defendants and ordered the Sabine Parish Police Jury joined in the suit.
Article 641 of the Louisiana Code of Civil Procedure provides that a person shall be joined as a party in the action when either complete relief cannot be afforded in his absence or he claims an interest in the subject matter of the litigation that would be impaired if he were excluded or would cause a substantial risk of multiple or inconsistent obligations. The failure to join a party may be raised in a peremptory exception or noticed by either the trial or appellate court on its own motion. La.Code Civ.P. art. 645.
The owners of property over which a public right of way servitude or a servitude of passage is sought have an interest in the subject matter of the litigation and their absence would impair their ability to protect that interest. Stephenson v. Nations Credit Financial Services Corp., 98-1688, 98-1689 (La.App. 1 Cir. 9/24/99); 754 So.2d 1011. Since the Police Jury was possibly the owner of the property at issue and, therefore, potentially vested with the authority to grant the predial servitude in dispute, the Article 641 requirements for joinder of a party needed for just adjudication are met. We find no error in the trial court's granting the peremptory exception of nonjoinder.

PUBLIC ROAD

Acquisitive Prescription
The Griffiths argue that the trial court committed manifest error in finding Merritt Mountain Road and Tom Sawyer Lane as they traverse their property are public roads as a result of acquisitive prescription based on thirty years of uninterrupted possession. Specifically, the Griffiths allege that the Catheys proved neither that the road existed for thirty years nor that the public had used the road for thirty years prior to March 5, 1998, the filing date of the petition. They argue that the trial court misinterpreted the evidence and that the road was not built until the Toledo Bend Reservoir was flooded in May 1968 and, thus, the Catheys would not have accumulated the thirty years necessary to render the road public at the time of filing. The Griffiths further argue, in brief, that because the testimony regarding the derivation of the road is equivocal, the trial court should have resolved any doubt against finding a predial servitude.
*34 In response, the Catheys argue that the Griffiths did not meet their burden of proving "the private nature" of the road. They direct this Court to testimony tending to indicate the genesis of the road at more than thirty years before filing. For reasons discussed below, both parties' arguments are misplaced.
We find it necessary to clarify the standard of review applied to predial servitudes. Predial servitudes are disfavored by the law and any doubts are resolved against the creation of the servitude. The Louisiana Supreme Court articulated this principle in Palomeque v. Prudhomme, 95-725, p. 7 (La.11/27/95); 664 So.2d 88, 93:
Predial servitudes are in derogation of public policy because they form restraints on the free disposal and use of property. Therefore, servitudes are not entitled to be viewed with favor by the law and can never be sustained by implication. Buras Ice Factory Inc. v. Dept. of Hwys. of La., 235 La. 158, 103 So.2d 74, 80 (1958); Gravolet v. Bd. of Commissioners, 598 So.2d 1231, 1234 (La. App. 4th Cir.1992); see also, 1 DOMAT, THE CIVIL LAW IN ITS NATURAL ORDER, tit. XII, sec. 1, at 435 (Strahan, trans., Cushing ed., 2d ed. 1861). Any doubt as to the existence, extent or manner of exercise of a predial servitude must be resolved in favor of the servient estate. La.Civ.Code art. 730; McGuffy v. Weil, 240 La. 758, 125 So.2d 154, 158 (1960).
Although doubts regarding the existence of predial servitudes are to be decided against the servitude, it is left to the volition of the trial court to ascertain whether the evidence and testimony are dubious. Appellate courts give great deference to the trial court's factual determinations premised on witness credibility. Rosell v. ESCO, 549 So.2d 840 (La.1989). However, when a trial court makes an error of law, an appellate court is required to render judgment on the record by applying the correct law and determining the essential material facts de novo. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993); Rosell, 549 So.2d 840.
We first consider whether the road at issue is private, public or subject to public use. The Louisiana Supreme Court discussed the public nature of roads in St. Charles School Bd. v. P & L Inv. Corp., 95-2571, p. 3 (La.5/21/96); 674 So.2d 218, 221:
A road may be either public or private. La.Civ.Code art. 457. A public road is one that is subject to public use. Id. The public may own the land on which the road is built or may only have the right to use it (a servitude of passage). Id. When a private person owns the land on which a public road is built and the public merely has the right to use it, the land is a private thing subject to public use. A.N. YIANNOPOULOS, PROPERTY § 96, at 206 (2 LOUISIANA CIVIL LAW TREATISE 3d ed.1991). The public may acquire an interest in the land on which a road is built or in the use of a road through purchase, exchange, donation, expropriation, prescription or dedication. YIANNOPOULOS, PROPERTY § 96, at 207.
A predial servitude is a charge on a servient estate for the benefit of the dominant estate. La.Civ.Code art. 645. Predial servitudes are either apparent or nonapparent. A road is an apparent servitude inasmuch as it is perceivable by exterior signs. La.Civ.Code art. 707. Apparent servitudes may be acquired by title, by destination of the owner, or by acquisitive prescription. La.Civ.Code art. 740.
Just title is a juridical act sufficient to transfer ownership or another real right. La.Civ.Code art. 3483. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated. Id. Since the Catheys did not have just title to the servitude, they did not acquire a servitude by title.
*35 Destination of the owner is a relationship established between two estates owned by the same owner that would be a predial servitude if the estates belonged to different owners. La.Civ.Code art. 741. An apparent servitude comes into existence of right when the estates cease to belong to the same owner. Id. Since the Griffiths never owned the Defendants' property, there can be no servitude by destination of the owner. The only remaining means by which the public could have gained an apparent servitude pursuant to La.Civ.Code art. 740 is by acquisitive prescription.
The guidelines for acquiring an apparent servitude by acquisitive prescription are set forth in La.Civ.Code art. 742:
The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.
The comments to Articles 740 and 742 indicate that the articles changed the law by allowing prescriptive acquisition of apparent discontinuous servitudes; however, the provision is not retroactive. Quasi-possession of a servitude that would be discontinuous under the prior law does not give rise to prescriptive rights except from the effective date of the new article, January 1, 1978. La.Civ.Code art. 740 (Comment (a)); Kizer v. Lilly, 471 So.2d 716 (La.1985).
A right-of-way over a paved roadway was an apparent discontinuous servitude under the 1870 Civil Code.[1]Kizer, 471 So.2d at 718. That Code provided that discontinuous apparent servitudes could not be acquired by acquisitive prescription. See Nash v. Whitten, 326 So.2d 856 (La. 1976); Lake, Inc. v. Louisiana Power and Light Co., 330 So.2d 914 (La.1976); Schoenrich, Acquisition Of Rights Of Way By Prescription, 12 Tul.L.Rev. 226 (1938). Since the amendment to Article 740 is not retroactive, prescriptive rights as to formerly discontinuous servitudes, including servitudes of passage, commence from the effective date of the revised Article, January 1, 1978. McCann v. Normand, 97-103 (La.App. 3 Cir. 6/4/97); 696 So.2d 203.
We find that the trial court made an error of law in applying Article 740 to acquisitive prescription of a predial servitude commenced prior to the effective date of the amendment. Applying the revised Article 740 to the facts here, we find that the Catheys could not have acquired a servitude of passage over the Griffiths' property through acquisitive prescription since thirty years have not passed since the effective date of the amendment. People for Open Waters, Inc. v. Estate of Gray, 94-301 (La.App. 3 Cir. 10/5/94); 643 So.2d 415; Greene v. Greene, 373 So.2d 756 (La.App. 3 Cir.), writ denied, 377 So.2d 118 (La.1979). Therefore, we reverse the trial court's finding that the Catheys acquired a predial servitude through acquisitive prescription of thirty years. This finding renders it unnecessary to recount the testimony evidencing the inception of the road.

SERVITUDE OF PASSAGE

Enclosed Estate
The Griffiths contend that the trial court erred in granting the Catheys a right of passage over their property. The Griffiths assert that the Catheys voluntarily enclosed their property and, thus, were *36 not entitled to a right of passage afforded an enclosed estate.
The legal right of passage over a neighbor's property to an enclosed estate is addressed in La.Civ.Code art. 689 which states:
The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
However, a neighbor is not bound to furnish passage to the owner of an estate which became enclosed by the voluntary act or omission of its owner. La.Civ.Code art. 693. "Voluntary act or omission" refers to instances where the enclosed estate's owner caused his dilemma by selling part of his property without reserving a right of passage by which to access his property. LeBlanc v. Thibodeaux, 615 So.2d 295 (La.1993). Thus, the right to demand gratuitous passage is only available to a purchaser who acquires an enclosed estate as a result of a voluntary alienation of property; it is not available to the seller. Spotsville v. Herbert & Murrell, Inc., 97-188 (La.App. 3 Cir. 6/18/97); 698 So.2d 31 (quoting 4 Yiannopoulos, Louisiana Civil Law Treatise, Predial Servitudes, § 103, at 297-98 (1997)).
The parties do not dispute that the Catheys' property is an enclosed estate. The polemic turns on whether the Catheys voluntarily enclosed their property, rendering them ineligible to claim a right of passage under Article 689. The Griffiths argue that the Catheys and other subdividers of West Wind Estates were aware that the only existing access to their property was the road that crossed the Griffiths' property and that the deed to the Griffiths' property was free of any servitudes, save a right of way for electricity.
The Griffiths misconstrue the "voluntary act" component of Article 693. The article does not deny a purchaser who knowingly or voluntarily acquires enclosed property the right of passage over a neighbor's estate. The prohibition applies to the voluntary acts of the vendor and not to those of the vendee. We find no error in the trial court's granting a right of passage over the Griffiths' property to the Catheys. We also agree with the trial court's finding that, under the facts of this case, it would be impractical for the Catheys to build an alternative route to access their property.

Passage to Recreational Sites
The Griffiths argue that under La. R.S. 9:1251, the trial court should have denied the Catheys a right of passage or servitude over their property.
The trial court found that the Catheys owned private property and their ancestors in title owned commercial property. The trial court concluded that La.R.S. 9:1251, which provides that a land owner's voluntarily allowing the public to traverse his property to access recreational sites passage across his property does not give rise to a servitude or right of passage, is inapplicable. We agree.

ESTOPPEL OR LACHES
The Catheys urge this court to apply the doctrine of laches to this situation since the Griffiths allegedly waited eleven years before claiming that the road was private.
This Court has consistently recognized as an established principle in Louisiana law that a servitude is a legal right and can neither be gained nor lost by estoppel. See Greene, 373 So.2d 756; United Gas Pipe Line Co. v. Bellard, 286 So.2d 109 (La.App. 3 Cir.1973). Thus, this argument is without merit.

DAMAGES
Lastly, the Griffiths assert that the trial court erred in not awarding damages, including reasonable attorney's fees, to them.
The finding that a servitude existed in favor of the defendants does not *37 automatically insulate them from liability for damages wrought by them against the owners of the servient estate. Lucas v. Strother, 93-976 (La.App. 3 Cir. 3/2/94); 633 So.2d 392, writ denied, 94-1133 (La.6/24/94); 640 So.2d 1350. Although the Griffiths may have been eligible to receive an award of damages, they failed to prove any damages to the trial court. We find that the trial court properly refused to award an amount for unproven damages. Braxton v. Guillory, 98-379 (La.App. 3 Cir. 10/28/98); 721 So.2d 114.
Similarly, the Defendants-Appellees, requested an award of damages in their answer to this appeal. The record contains insufficient evidence to support an award of damages.

IV.

CONCLUSION
Accordingly, the judgment of the trial court is reversed as to the acquisitive prescription of the road by the public. The trial court's granting of a right of passage to the Catheys' enclosed estate is affirmed as is the denial of damages. Costs of this appeal are assessed to Plaintiffs, Hillard and Linda Sue Griffith.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
BEFORE: DOUCET, C.J., THIBODEAUX and DECUIR, Judges.

ON REHEARING
PER CURIAM.
We granted rehearing to clarify the Defendants in this action and to consider whether Merritt Mountain Road is a public road pursuant to La.R.S. 48:491.
The Defendants have asked us to clarify the parties to whom the judgment is applicable. In the original opinion, we referred to the Defendants collectively as "the Catheys." We now modify our decree to reflect our intent to make the judgment applicable to all named Defendants and Intervenors who are Appellees: Conrad and Judy Cathey, Robert Dale, Delores Geoghagan, Westwind Estates Partnership, d/b/a Westwind Limited Partnership, Bonnie R. Fox, Edwin J. Pousson, Marguarette Pousson, O.M. Greer, Lemoine C. Greer, Billy H. Sikes and Peggy R. Sikes. That portion of the opinion providing for access to an enclosed estate obviously applies to those parties whose property would presently be inaccessible but for passage over Merritt Mountain Road.
The Defendants urge us to find that Merritt Mountain Road is a public road based on its having been constructed by a public entity with public funds and maintained by the police jury for a period in excess of three years.
The law regarding the public nature of a road is set forth in La.R.S. 48:491 as follows:
A. All roads or streets in this state that are opened, laid out, or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality shall be public roads or streets, as the case may be.
B. (1)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.
* * *
(c) Actual or constructive knowledge is conclusively presumed within all parishes and municipalities, except [Vermillion parish], if the total period of such maintenance is four *38 years or more, unless prior thereto and within sixty days of such actual or constructive knowledge, the prescription is interrupted or suspended in any manner provided by law.
The trial judge found that the Defendants failed to establish when any of the maintenance on Merritt Mountain Road took place. After again fully reviewing the evidence, we agree with the trial court's judgment. Although the evidence establishes that the road was built almost contemporaneously with the filling of the reservoir, there is practically no support for the allegation that the road has been maintained by the public for a period of three years. The Defendants failed to prove the date of the genesis of the road, veritable acts of maintenance, and definite dates of the supposed maintenance. The token maintenance of a private road by a public body is insufficient to transform the nature of the road to a public road. Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977); Boynton v. Bertrand, 309 So.2d 769 (La.App. 3 Cir.1975).
In order to establish public maintenance of the road under the statute, it is necessary to show definitively that work was performed on the road by a public entity and approximately when that work was performed. Boynton, 309 So.2d 769. Although precise moments of maintenance are not required, the claimant must present facts which establish acts of maintenance by a public entity within a narrow margin of time. See St. Charles School Bd. v. P & L Inv. Corp., 95-2571 (La.5/21/96); 674 So.2d 218. Accordingly, we agree with the trial court's judgment that the record does not support the Defendants' contention that the road has become public under La.R.S. 48:491.
All other portions of the original opinion remain unaffected by the conclusions reached herein.
NOTES
[1] Prior to its revision, the 1870 Civil Code provided:

Article 727 Servitudes are either continuous or discontinuous.
Continuous servitudes are those whose use is or may be continual without the act of man. Such are aqueduct, drain, view and the like. Discontinuous servitudes are such as need the act of man to be exercised. Such are the rights of passage, of drawing, pasture and the like.