# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1519

**TROY DAVIS AND CYNTHIA DAVIS**

**VERSUS**

**WILLIS PROVOST, LINDA PROVOST,**
**GERALD SONNIER, AND CRYSTAL SONNIER**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE**
**SIXTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF IBERIA, DOCKET NO. 106638, DIVISION "E"**
**HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**JUDGMENT VACATED AND REMANDED.**

**Edmond D. Jordan**
**Post Office Box 490**
**Brusly, Louisiana 70719**
**(225) 413-2467**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Troy Davis and Cynthia Davis**

**Elton Heron**
**37218 Audubon Park Avenue**
**Geismar, Louisiana 70734**
**(504) 723-8782**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Troy Davis and Cynthia Davis**

**Stan Gauthier, II**
**Kristi Husher Oubre**
**Jonathan D. Mayeux**
**1405 West Pinhook Road, Suite 105**
**Lafayette, Louisiana 70503**
**(337) 234-0099**
**COUNSEL FOR DEFENDANTS/APPELLEE:**
    **Gerald Sonnier**

**GENOVESE, Judge.**

Troy and Cynthia Davis (the Davises) appeal the judgment of the trial court granting Gerald Sonnier (Mr. Sonnier) a right-of-way and passage over property owned by the Davises. For the following reasons, we vacate the judgment of the trial court and remand this matter to the trial court for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 4, 2006, the Davises filed a Petition for Declaratory Judgment[1] against Willis Provost, Linda Provost, Gerald Sonnier, and Crystal Sonnier,[2] seeking access to their property by crossing over a bridge that had been allegedly locked by one or all of these individuals. On May 17, 2006, Mr. Sonnier filed an Answer and Reconventional Demand against the Davises. In his reconventional demand, Mr. Sonnier alleged that "[o]n or about March 13, 2006, the [Davises] barricaded the sugarcane field owned and cultivated by [Mr. Sonnier]." Mr. Sonnier further asserted that he had "exercised a right-of-way over the [Davises' property] in order to gain access to a sugarcane field cultivated and owned by him for over thirty (30) years." According to Mr. Sonnier, he was prohibited from using this right-of-way to access his property and cultivate his sugarcane crop. As a result, Mr. Sonnier's demand also requested "damages reasonable under the circumstances for the loss of the sugarcane."

On June 8, 2006, the Davises filed a Peremptory Exception of No Cause of Action against Mr. Sonnier. In their exception, the Davises argued that "[s]ince thirty years have not passed from the January 1, 1978 effective date of Louisiana Civil Code

---

[1]This matter was converted to an ordinary proceeding on February 17, 2006 pursuant to an Exception of Improper Use of Summary Proceeding filed by the Defendants herein.

[2]The Davises' principal demand was eventually dismissed with prejudice on August 8, 2006.

1

Articles 740 and 742, it is impossible for [Mr. Sonnier] to have acquired a right-of-way across the [Davises'] property. [Mr. Sonnier] has failed to state a justiciable cause of action."

On July 18, 2006, Mr. Sonnier filed a First Amending and Supplemental Reconventional Demand. In his amended reconventional demand, Mr. Sonnier alleged that he has "a right of passage over the property to gain access to a sugarcane field cultivated and owned by him because the sugarcane field is an enclosed estate[3] and has no access to a public road other than through the property owned by [the Davises]."

A trial in this matter was held on April 13, 2007, after which the trial court ruled in favor of Mr. Sonnier. The trial court's judgment,[4] signed on June 5, 2007, ordered, in pertinent part:

> [T]hat there be Judgment in favor of Plaintiff-in-Reconvention, Gerald Sonnier[,] and against Defendants-in-Reconvention, Troy Davis and Cynthia Davis[,] declaring that Gerald Sonnier has a right-of-way over property owned by Troy Davis and Cynthia Davis. This right-of-way is shown on the map admitted into evidence in the above captioned matter and marked as Plaintiffs' Exhibit Number 2 and is a right-of-way over a bridge located on Troy and Cynthia Davis' property to gain access to property owned by Plaintiff-in-Reconvention, Gerald Sonnier.

The trial court also awarded $3,093.00 to Mr. Sonnier "for cleanup of the property and the sugarcane fields located on the property due to in access [sic] [,]" and "$10,800.00 for loss of sugarcane and profit due to inaccess [sic] to the property owned by Troy Davis and Cynthia Davis." The judgment also declared that "the

---

[3]Louisiana Civil Code Article 689 provides, "The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."

[4]Because the parties did not request a court reporter for the April 13, 2007 trial, there is no transcript of the trial in the appellate record. Therefore, our review is based on the exhibits introduced at the trial, the trial court's minutes, and the trial court's judgment.

Motion for New Trial requested by Defendants-in-Reconvention, Troy Davis and Cynthia Davis[,] in open Court[,] was thereby denied on April 13, 2007." The Davises appeal.

## ISSUES

In their appeal, the Davises present two issues for our review:

1. Whether an *apparent discontinuous* servitude was susceptible to ownership through acquisitive prescription under the Louisiana Civil Code of 1870[,] and whether a servitude for right of passage would be classified as an *apparent discontinuous* servitude under the Louisiana Civil Code of 1870?

2. If an estate is found to be enclosed, to what extent may the owner of the alleged enclosed estate demand a right of passage under Louisiana Civil [C]ode Article 692[5]?

## ASSIGNMENTS OF ERROR

In their appeal, the Davises raise four assignments of error:

1. In its ruling, the lower court failed to give due consideration to the fact that a servitude for right of passage would be classified as an *apparent discontinuous* servitude under the Louisiana Civil Code of 1870.

2. In its ruling, the lower court failed to give due consideration to the fact that an *apparent discontinuous* servitude was insusceptible to ownership through acquisitive prescription under the Louisiana Civil Code of 1870.

3. In its ruling, the lower court failed to give due consideration to the fact that rights of acquisitive prescription, as to servitudes formerly classified as *apparent discontinuous* servitudes under the Louisiana Civil Code of 1870, did not begin to run prior to January 1, 1978.

4. In its ruling, the lower court failed to give due consideration to the fact that Appellees offered nothing into evidence tending to establish that the Appellants' property provided the closest access

---

[5]Louisiana Civil Code Article 692 provides, "The owner of the enclosed estate may not demand the right of passage anywhere he chooses. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands."

to the nearest public road from Appellees['] allegedly enclosed estate.

## LAW AND DISCUSSION

### *Standard of Review*

The standard of review applied to predial servitudes was clarified by this court in *Griffith v. Cathey*, 99-923, p. 6 (La.App. 3 Cir. 2/2/00), 762 So.2d 29, 34, *writ denied*, 00-1875 (La. 10/6/00), 771 So.2d 85:

> Predial servitudes are disfavored by the law and any doubts are resolved against the creation of the servitude. The Louisiana Supreme Court articulated this principle in *Palomeque v. Prudhomme*, 95-725, p. 7 (La.11/27/95); 664 So.2d 88, 93:
>
> > Predial servitudes are in derogation of public policy because they form restraints on the free disposal and use of property. Therefore, servitudes are not entitled to be viewed with favor by the law and can never be sustained by implication. *Buras Ice Factory Inc. v. Dept. of Hwys. of La.*, 235 La. 158, 103 So.2d 74, 80 (1958); *Gravolet v. Bd. of Commissioners*, 598 So.2d 1231, 1234 (La.App. 4th Cir.1992); *see also*, 1 DOMAT, THE CIVIL LAW IN ITS NATURAL ORDER, tit. XII, sec. 1, at 435 (Strahan, trans., Cushing ed., 2d ed. 1861). Any doubt as to the existence, extent or manner of exercise of a predial servitude must be resolved in favor of the servient estate. La.Civ.Code art. 730; *McGuffy v. Weil*, 240 La. 758, 125 So.2d 154, 158 (1960).
>
> Although *doubts* regarding the existence of predial servitudes are to be decided against the servitude, it is left to the volition of the trial court to ascertain whether the evidence and testimony are dubious. Appellate courts give great deference to the trial court's factual determinations premised on witness credibility. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). However, when a trial court makes an error of law, an appellate court is required to render judgment on the record by applying the correct law and determining the essential material facts *de novo*. *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993); *Rosell*, 549 So.2d 840.

### *Acquisitive Prescription*

The Davises argue that the trial court's judgment was manifestly erroneous

4

because the pathway over which Mr. Sonnier has claimed to have acquired a right-of-way was an apparent discontinuous servitude and, as such, it could be acquired by acquisitive prescription. Specifically, the Davises argue, in brief, that:

> [E]ven if Appellants were to concede, *in arguendo*, that Appellees exercised use of the pathway for a period of thirty (30) years as of March 13, 2006, Appellees would still fail to satisfy the requirements for "bad faith" acquisitive prescription set forth under current Louisiana Civil Code Article 742 by nearly two (2) years.

Alternatively, the Davises assert that because no evidence was adduced at trial on the issues of whether Mr. Sonnier's estate is an enclosed estate and, if so, whether the path across the Davises' property is the shortest route from Mr. Sonnier's property to a public road, this matter should be remanded to the trial court for a determination of whether Mr. Sonnier is entitled to a servitude of passage.

Mr. Sonnier argues that the trial court correctly based its judgment on the conclusion that the servitude was an apparent continuous servitude, not an apparent discontinuous servitude. Mr. Sonnier, in brief, argues that "although Louisiana Civil Code Articles 740 and 742 are not retroactive, the law prior to 1978 was that apparent servitudes that were continuous in nature could be acquired through acquisitive prescription of thirty (30) years." He also asserts that "[w]hether the servitude was apparent and continuous is a question of fact to be determined by the trial court and thus this question of fact should not be overturned as it is not manifestly erroneous."

Finally, Mr. Sonnier conceded, in brief, that the trial court did not consider the issue of whether his estate is an enclosed estate and, if so, whether the path is the least injurious as required by La.Civ.Code art. 692. Therefore, he, like the Davises, requested that this matter be remanded for a determination of this issue in the event that this court finds that the trial court's judgment was manifestly erroneous.

5

"A predial servitude is a charge on a servient estate for the benefit of the dominant estate." La.Civ.Code art. 646. "Predial servitudes are either apparent or nonapparent." La.Civ.Code art. 707. An apparent servitude is a servitude that is perceived by exterior signs, while a nonapparent servitude has no exterior sign of their existence. *Id.* Louisiana Civil Code Article 740 provides that "[a]pparent servitudes may be acquired by title, by destination of the owner, or by acquisitive prescription."

The record does not contain evidence that Mr. Sonnier had just title to a servitude. The Davises purchased the property at issue herein on March 8, 1994. The deed translative of title did not indicate that a servitude that burdened the Davises' property in favor of Mr. Sonnier's estate.

"Destination of the owner is a relationship established between two estates owned by the same owner that would be a predial servitude if the estates belonged to different owners." La.Civ.Code art. 741. An apparent servitude comes into existence of right when the estates cease to belong to the same owner. *Id.* Since the Davises never owned Mr. Sonnier's property, there can be no servitude by destination of the owner. Thus, with no evidence of an apparent servitude being acquired by title or by destination of the owner, Mr. Sonnier's only means of acquiring an apparent servitude is by acquisitive prescription.

Our supreme court, in *Nash v. Whitten*, 326 So.2d 856, 860 (La.1976)(citations omitted), stated, "Continuous servitudes are those whose use (by the dominant estate) is, or may be, continual without the act of man. If man's intervention is needed in order for the dominant estate to exercise the servitude, the servitude must be classified as discontinuous." The right-of-way which Mr. Sonnier seeks is to access

6

his sugarcane field by crossing over a bridge located on the Davises' property. We find that the right-of-way which Mr. Sonnier seeks is an apparent discontinuous servitude.

Louisiana Civil Code Article 742 sets forth the guidelines for acquiring an apparent servitude by acquisitive prescription:

> The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.

In *Griffith*, 762 So.2d at 35 (footnote omitted), this court addressed the effects of 1977 La. Acts No. 514, § 1, which amended the requirements for acquisitive prescription of servitudes, as follows:

> The comments to Articles 740 and 742 indicate that the articles changed the law by allowing prescriptive acquisition of apparent discontinuous servitudes; however, the provision is not retroactive. Quasi-possession of a servitude that would be discontinuous under the prior law does not give rise to prescriptive rights except from the effective date of the new article, January 1, 1978. La.Civ.Code art. 740 (Comment (a)); *Kizer v. Lilly*, 471 So.2d 716 (La.1985).
>
> A right-of-way over a paved roadway was an apparent discontinuous servitude under the 1870 Civil Code. *Kizer*, 471 So.2d at 718. That [c]ode provided that discontinuous apparent servitudes could not be acquired by acquisitive prescription. *See Nash v. Whitten*, 326 So.2d 856 (La.1976); *Lake, Inc. v. Louisiana Power and Light Co.*, 330 So.2d 914 (La.1976); Schoenrich, *Acquisition Of Rights Of Way By Prescription*, 12 Tul.L.Rev. 226 (1938). Since the amendment to Article 740 is not retroactive, prescriptive rights as to formerly discontinuous servitudes, including servitudes of passage, commence from the effective date of the revised Article, January 1, 1978. *McCann v. Normand*, 97-103 (La.App. 3 Cir. 6/4/97); 696 So.2d 203.

We find that the trial court made an error of law in applying La.Civ.Code art. 740 to a claim of acquisitive prescription of a predial servitude commencing prior to the effective date of the amendment. Applying the current La.Civ.Code art. 740 to

7

the facts of this case, we find that Mr. Sonnier could not have acquired a right-of-way over property owned by the Davises through acquisitive prescription since thirty years had not elapsed from the effective date of the amendment, January 1, 1978, and the filing of his reconventional demand on May 17, 2006.

Accordingly, we vacate the trial court's judgment. This matter is remanded to the trial court for consideration of the issue of whether Mr. Sonnier is entitled to a right of passage afforded an enclosed estate pursuant to La.Civ.Code arts. 689-96, and for any further proceedings necessary and proper in connection therewith.

## DECREE

For the foregoing reasons, the judgment of the trial court is vacated, and the matter is remanded for further proceedings. Defendant/Appellee, Mr. Gerald Sonnier, is cast with costs of this appeal.

**JUDGMENT VACATED AND REMANDED.**